ELIZABETH   M.   ROSENWASSER,   Plaintiff,   *v.*   PHILIP
ROSENWASSER, Defendant.

(Supreme Court, Kings Special Term, November, 1921.)

Husband and wife — separation — alimony — security — modifica-
tion of judgment — Civil Practice Act, § 1170.

> Where the defendant in a separation action is unsuccessful
> and the referee to take proof of the financial resources of the
> defendant and to report to the court the amount necessary to
> be allowed for the support of the plaintiff and the three minor
> children, issue of the marriage, recommends allowances which
> upon the evidence seem to be suitable and just to both parties
> to the action, the court upon motion to confirm the referee's
> report will substantially adopt his findings.
>
> Where the referee upon making a finding that the present
> income of the defendant is from $17,000 to $20,000 per annum,
> recommends a yearly allowance of $8,400 for the support of
> the wife and children, and it appears that the defendant was
> a man of considerable means and of good standing in the
> business community, the court will not presently require him
> to give security for his obedience to the directions which the
> court may give in respect to the payment of allowances, as
> upon it being made to appear that defendant's income has
> materially increased, the judgment, upon leave granted, may be
> modified in the manner provided by section 1170 of the Civil
> Practice Act.
>
> Where defendant expresses his willingness to permit the
> plaintiff and her children to continue in the occupancy of his
> house where they are now residing until it was sold, he should
> not be obliged to pay a stated sum a year rent in lieu of such
> occupancy as recommended by the referee.

ACTION for separation. On motion to confirm report
of referee.

Samuel L. Chess and Robert H. Ernest, for plaintiff.

Leon M. Prince and Sidney J. Loeb, for defendant.

BENEDICT, J.   This cause is now before me on the settlement of the judgment.   On the trial last June a decision was made by the court, with the practical consent of the defendant and on disputed evidence, awarding a decree of separation in favor of the wife, and ordering a reference to I. Maurice Wormser, as referee, to take proof as to the question of the defendant's financial resources, and also to report to the court what amount is necessary to be allowed for the support of the plaintiff and the three minor children, the issue of the marriage.

It was impossible for the court on the trial to gain any satisfactory idea as to the resources and income of the defendant on which to base intelligent action. The parties appeared before the referee, and after several months spent in a very painstaking investigation of the matter the referee has reached a conclusion which seems substantially correct.   He was confronted on the plaintiff's side with extravagant claims as to the defendant's wealth and as to her and her daughters' requirements.   On the other hand, the defendant apparently attempted to conceal his real financial position.   The referee has recommended allowances which, on the evidence referred to in his report, seem to be suitable and just to both parties.   He has discharged a very difficult duty with discretion and ability, and I am disposed on his report and the elaborate briefs submitted by both counsel to adopt his findings in substance.

The referee began his hearings on June thirteenth, and continued them at intervals until September 28, 1921.   He has submitted an exhaustive report, accompanied by eleven hundred pages of minutes of the hearings before him.   Much time was necessarily occupied on the reference in the effort to get at the truth concerning the resources of the defendant.   Two expert

accountants were employed, one by each party, who reached results, as shown by their reports, more than $114,000 apart as to resources. The plaintiff's expert showed that the defendant's income had averaged yearly from 1916 to 1920 almost $50,000. The referee, however, only found that it was during that period "well in excess of $25,000," and that his present income is from $17,000 to $20,000 per annum.

On all the evidence before him the learned referee recommended a yearly allowance of $8,400 for the support of the wife and the three daughters of the marriage. This was arrived at as follows, viz., for rent of an apartment, in case the plaintiff is not permitted to continue to occupy the defendant's residence with her children, $1,500. For the support of the plaintiff, $2,500; for the support of the eldest daughter, who is sickly, $2,000, and for the support of each of the two younger daughters, $1,200 a year. Both parties have expressed some dissatisfaction with these recommendations and have submitted quite elaborate briefs in support of their respective positions.

As to the plaintiff's claim that the allowance of the sum recommended by the referee is inadequate, I do not agree. I shall not now adopt her suggestion that the defendant be required to give security for his obedience to the directions which the court shall give in respect of the payments to be ordered. I will not anticipate a failure or refusal on the defendant's part to comply with the judgment. He is a man of considerable property and of good standing in the business community. If in the future his business shall improve so that his income will be materially increased, the judgment may be modified in the manner provided in section 1170 of the Civil Practice Act, after leave granted. This is as far as I am, as at present advised, inclined to go.

The learned counsel for the defendant does not very seriously object to the sums which the referee has recommended for the support of the plaintiff and her children, but he strongly objects to those amounts being increased as the plaintiff requests. The court does not understand, as defendant's counsel assumes, that if it should conclude not to adopt the recommendations as made it would be incumbent on it to examine the entire testimony and the exhibits anew in order to see whether the facts found by the referee were supported by the evidence. I will, however, assume that they are and shall adopt them as the basis for fixing the amount which should be allowed. I shall award the sum of $2,500 yearly to the plaintiff for her own support, beginning as of June 6, 1921, the date when the cause was heard and decided in plaintiff's favor. See *McCarthy* v. *McCarthy,* 143 N. Y. 235, 240. I shall award for the maintenance of the daughter Ruth, seventeen years of age, the sum of $2,000 yearly, payable to her mother for the daughter's support and education, beginning as of the date of the judgment herein and continuing until she attains her majority. I shall award for the maintenance of each of the daughters, Henrietta, fifteen years of age, and Rose, eleven years of age, the sum of $1,200 yearly, payable to their mother for their support and education, beginning as of the date of the judgment and continuing until they respectively attain their majorities. These payments will be made in monthly installments, except that those already accrued will be made in one sum, payable in ten days after entry of the judgment. No alimony *pendente lite* has been allowed in the present case, and I do not understand that the defendant has given the plaintiff any money or furnished her with any clothing since the fall of 1919, although he has paid the household expenses and clothed the children.

In regard to the house wherein the plaintiff and her children are residing, the defendant, who owns the property, submits that he should not be obliged to pay the sum of $1,500 a year rent in lieu thereof as recommended by the referee, because he expresses a willingness to permit them to continue occupying the house until it is sold. In this view I concur, and the decree will provide that until the defendant shall sell the house the plaintiff and the children may continue to reside therein and enjoy the use of the furniture without charge, and that the defendant will pay the carrying charges thereon; that if he shall find a purchaser for the house at a suitable price he shall be at liberty on thirty days' notice to the plaintiff to sell the property and that the plaintiff shall join in the deed thereto, proper provision being made for the protection of her inchoate right of dower in the property or for the payment to her of a gross sum in lieu of dower to be computed according to the principles laid down in rule 243 of the Rules of Civil Practice. The judgment will further provide that on and after the date when the plaintiff leaves the house, in the event that a sale is made, the defendant shall also pay to the plaintiff in advance the monthly sum of $125 for rent of another place, where she and her children can reside, and also that he shall allow her either to take away from the house and use all the furniture therein (except such articles of furniture as are purely personal to and are required by the defendant for his own use), or in lieu thereof that he shall allow her to purchase at his expense new furniture for the use of herself and their daughters. The judgment shall contain apt words giving the right to either party to apply to the court at the foot of the judgment for further particular directions for the settlement of any dispute arising thereunder, but limited to effectuating the

intent of the court as herein and in the decree expressed. The judgment will contain provisions in accordance with the referee's report concerning the right of the defendant to see his daughters, and, so long as he complies with the provisions therein contained, to have temporary custody of them on Sundays and holidays and at such other reasonable times as may be set forth in the judgment. Costs to be taxed are allowed to the plaintiff.

Judgment accordingly.