ROBERT H. ELDER, Appellant, v. PHILIP ROSENWASSER, Respondent.

Husband and wife — liability of husband for support of wife — when husband liable for payment for services of lawyer employed by wife to defend her in action for libel and against charges for assault and larceny for which she was arrested — when liability of husband not affected by fact that wife had begun action for separation which was still pending — Special Term order in such action granting counsel fee but denying alimony does not fix or limit liability of husband.

1. The manner in which a wife is to be supported by her husband in a discharge of the obligation imposed upon him by law is not dependent upon any whim or caprice on his part, neither is he permitted to arbitrarily determine the measure of support which he shall provide for his wife.

2. Where a wife living with her husband whom he is obliged to support is arrested on a criminal charge or prosecuted in a civil action which may result in her incarceration, the necessity for a lawyer may be as urgent and as important as the necessity for a doctor when she is sick.   Such actions may, therefore, dependent, of course, upon circumstances, require the husband to pay a reasonable bill for the services of a lawyer in protecting his wife.   In this case the services were necessaries and the amounts allowed were reasonable.

3. Where in an action brought by a wife for separation from her husband the Special Term granted plaintiff's motion for a counsel fee but denied alimony and the husband continued to provide a home and sustenance for his wife he cannot refuse to pay reasonable fees for the services of a lawyer employed by the wife to defend her in an action for libel and also upon charges of assault and grand larceny for which she was arrested.   The fact that the Special Term, while granting a counsel fee to plaintiff, denied alimony did not fix or limit the husband's liability for the support of his wife.   It was a temporary order made in the discretion of the court pending litigation.   It was not a final decree and did not, therefore, finally determine the rights of the parties.   The husband was still furnishing his wife with a home and sustenance and was still liable for her care in other respects, among which was the employment of an attorney and the payment for his services when the services were necessary and the fees reasonable.

4. Even though the wife might have applied to the Supreme Court for a modification of the order, which denied alimony, and for an

allowance for lawyers' fees in the criminal action and in the libel suit, yet she was not obliged to do so. In the absence of any allowance to her, she could rely upon her common-law right.

*Elder* v. *Rosenwasser,* 208 App. Div. 745, reversed.

(Argued June 3, 1924; decided July 5, 1924.)

APPEAL, by permission, from two judgments of the Appellate Division of the Supreme Court in the second judicial department, entered February 9, 1924, which affirmed two determinations of the Appellate Term reversing two judgments of the Municipal Court of the city of New York entered upon decisions of that court on trial without a jury.

*Otho S. Bowling* for appellant. Legal services of the character rendered were necessaries. (2 Bishop on Mar. & Div. § 968.) Defendant's common-law liability to supply his wife with necessaries was not terminated when the court denied her motion for alimony *pendente lite.* (*Lake* v. *Lake,* 194 N. Y. 179; *Johnson* v. *Johnson,* 151 App. Div. 545; *Tirrell* v. *Tirrell,* 232 N. Y. 224.)

*Sidney J. Loeb* for respondent. The order fixing counsel fee to be paid by defendant in the separation action being conducted by the plaintiff, limited the defendant's liability to the plaintiff for legal services rendered to defendant's wife. (*Turner* v. *Woolworth,* 221 N. Y. 425; *Dammon* v. *Bancroft,* 43 Misc. Rep. 678; *Horn* v. *Schmalholz,* 150 App. Div. 333.)

CRANE, J. Elizabeth M. Rosenwasser brought an action for separation against her husband Philip Rosenwasser in which she made a motion for alimony *pendente lite* and for counsel fee. The late Justice ARNON L. SQUIERS sitting at Special Term on the 20th day of June, 1920, granted a counsel fee of $900, but in all other respects denied the motion.

On June 21, 1920, one Sadie Pearlstein commenced an action against Elizabeth Rosenwasser for libel, alleging that Mrs. Rosenwasser had caused her damage by reason of certain false and libelous statements set forth in affidavits used in the said separation action relating to her conduct with Mr. Rosenwasser.

On the 22d day of December, 1920, Elizabeth Rosenwasser was arrested on a warrant of the city magistrate charged with assault and grand larceny. The complainant was the same Sadie Pearlstein.

Both of these actions were defended by Mrs. Rosenwasser with the aid and assistance of Robert H. Elder, whom she employed as her attorney. The proceedings were terminated in Mrs. Rosenwasser's favor. The separation action resulted in a judgment for the plaintiff on November 21, 1921. (117 Misc. Rep. 123.) In August of 1922, the attorney Robert H. Elder not having been paid for his services commenced two actions in the Municipal Court of the City of New York against Philip Rosenwasser, the husband, to recover compensation; one action was for services in the criminal court, the other for services in the libel suit. These actions were tried together and resulted in judgments for the plaintiff.

On appeal, the Appellate Term reversed the decision of the Municipal Court, and this reversal has been affirmed by the Appellate Division which, however, has sent the case here, certifying that a question of law is involved which ought to be reviewed by the Court of Appeals.

The only opinion written below was that of the Appellate Term wherein it was very ably set forth that legal services rendered under the circumstances here stated were such necessaries as would ordinarily make a husband or make this husband liable therefor. In this conclusion we agree with the Appellate Term. Where a wife living with her husband whom he is obliged to support is arrested on a criminal charge or prosecuted in a civil

action which may result in her incarceration, the necessity for a lawyer may be as urgent and as important as the necessity for a doctor when she is sick. Her health is a very important matter in the maintenance of the home and the happiness or even existence of the marital state. Of like importance is her presence in the home which may be interrupted and the home broken up by taking her therefrom on a criminal charge. The mental suffering and anguish which may result from an unwarranted suit for alleged libel may be as disastrous in its effects as any other mental sickness or disorder. Such actions may, therefore, dependent, of course, upon circumstances, require the husband to pay a reasonable lawyer's bill for services in protecting his wife. In this case we think there was evidence which justified the Municipal Court in determining that the services were necessaries and that the amounts allowed were reasonable. (*Conant* v. *Burnham,* 133 Mass. 503; *Warner* v. *Heiden,* 28 Wis. 517; *Munson* v. *Washband,* 31 Conn. 303; *Morris* v. *Palmer,* 39 N. H. 123; *Moran* v. *Montz,* 175 Mo. App. 360; *Mulligan* v. *Mulligan,* 161 Ky. 628; *Peaks* v. *Mayhew,* 94 Me. 571.)

 The Appellate Term, however, held that Mr. Rosenwasser was not liable for these necessary lawyer's services because of the order of Special Term made in the separation action. That order as stated above while granting counsel fee of $900 denied alimony. The Appellate Term considered this a determination that the husband was not obliged to support his wife. In the opinion we read: " Here the court said that it was not the duty of the husband to take care of his wife. The reasons for it· do not appear. The testimony that she had the use of the house and the husband had made arrangements to supply her with foodstuffs may have decided the court in that connection. But whatever the reason was, the order was the measure of the husband's liability."

We do not view this order as having this effect. It

was a temporary order made in the discretion of the court pending litigation. It did not finally determine the rights of the parties. It was not a final decree, and, therefore, could not have that effect. (*People ex rel. Comrs. of Charities* v. *Cullen,* 153 N. Y. 629.)

Section 1769 of the Code of Civil Procedure reads:

In an action for divorce or separation, "the court may, *in its discretion,* during the pendency thereof, from time to time, make and modify an order or orders, requiring the husband to pay any sum or sums of money necessary to enable the wife to carry on or defend the action, or to provide suitably for the education and maintenance of the children of the marriage, or for the support of the wife, having regard to the circumstances of the respective parties."

The wife was not obliged to resort to the court for support pending the action; to do so was discretionary with her. If she did not apply, the husband's common-law liability to provide her with the necessaries of life according to his station would still continue. It would not terminate if he were in the wrong until the final decree making her an allowance had taken its place. Likewise the court, if the wife did apply for alimony, was not obliged to make her an allowance pending the action. The very words of the statute make it discretionary. It might appear that the action was so frivolous that the court would think an allowance unnecessary, or it might appear that the husband was amply supporting the wife and there was no danger of his failing to do so before trial. The latter appeared to have been the moving consideration in this case as stated by the Appellate Term. The husband and wife at the time the separation suit was commenced had not actually separated as related to the home. They continued to live in the same house, and the wife had been furnished credit by her husband at the stores. Under these circumstances the Special Term no doubt determined that such a situation could well con-

tinue until the action was heard. The Appellate Term it seems to us was clearly in error in stating that the court had decided " that it was not the duty of the husband to take care of his wife." The husband was taking care of his wife. He was providing her with a home and with sustenance. It was not his province, however, to limit his own liability. As we said in *Tirrell* v. *Tirrell* (232 N. Y. 224, 229): " The manner in which the wife is to be supported by the husband in a discharge of the obligation imposed upon him is not dependent upon any whim or caprice on his part, neither is he permitted to arbitrarily determine the measure of support which he shall provide for his wife." Mr. Rosenwasser, therefore, could not by merely providing a house and eatables, refuse to provide a lawyer for his wife when the services of that official became necessary for her protection.

If the court had fixed the amount of alimony the husband's liability for the support of his wife would then have been confined to the figures stated. (*Turner* v. *Woolworth*, 221 N. Y. 425.) But the court made no allowance. The parties were left to their rights and liabilities existing at the beginning of the separation action. Whether the husband would be liable for the lawyer's services would depend in such a case upon his liability for other necessaries.

Even though Mrs. Rosenwasser might have applied to the Supreme Court for a modification of the order of June 28, 1920, making her an allowance for lawyer's services in the criminal action and in the libel suit, yet she was not obliged to do so. In the absence of any allowance to her, she could rely upon her common-law right.

In *Naumer* v. *Gray* (28 App. Div. 529, 534; 41 App. Div. 361) Lawyer Naumer sued the husband to recover the value of legal services rendered to the wife in the prosecution of an action by her against the defendant for separation upon the ground of cruel and inhuman treatment. After reviewing the authorities Justice CULLEN said:

" I think from this collation of the decided cases it may fairly be said that the weight of American authority is in favor of the maintenance of an action like the present. To succeed in it the plaintiff must show affirmatively that the suit was for the protection and support of the wife, and that the conduct of the husband was such as to render its institution and prosecution reasonable and proper. The remedy afforded the plaintiff to obtain in the divorce action alimony and counsel fees does not preclude the maintenance of this suit. In England it would seem that not only is such a remedy not exclusive, but that the solicitor may, in addition to the amount awarded him as counsel fees or expenses, recover of the husband such further sums as would be properly chargeable between the solicitor and his client. (2 Bish. Mar., Div. & Sep. sec. 973.) We should hesitate to accept such a rule, and be inclined to the opinion that, in case an application had been made in the divorce action and the court had therein determined the alimony and counsel fees to be awarded the plaintiff, such determination conclusively established the measure of the husband's liability."

The Appellate Term from which this appeal is taken apparently decided this same question contrary to its present ruling in *Posner* v. *Stone* (182 N. Y. Supp. 564).

In consequence of what is here stated we reverse the judgments of the Appellate Division and Appellate Term and affirm the judgments in the two actions in favor of the plaintiff rendered by the Municipal Court, with costs in all courts.

All concur.

Judgment accordingly.