RUTH MINNETTE FINN, Respondent, Appellant, *v.* THEODORE A. FINN, Appellant, Respondent.

First Department, December 2, 1927.

**Husband and wife — divorce — alimony — decree fixed amount to be paid by husband to support child and provided that no modification should be sought for two years — amount fixed was twenty-seven dollars and fifty cents per week — plaintiff seeks to compel defendant to pay extra expenses caused by child's illness — plaintiff is entitled only to amount fixed in decree — though application was made more than two years after decree it relates to provisions for maintenance during that period — amount allowed is sufficient.**

This is a proceeding to compel the defendant to pay to the plaintiff, his divorced wife, money expended by her in the care and maintenance of their child during the child's illness. The divorce decree fixed the amount of maintenance at twenty-seven dollars and fifty cents per week and provided that no modification should be sought for a period of two years. The order directing the payment of the expenses incurred during the child's illness is in contravention of the provision in the decree fixing twenty-seven dollars and fifty cents per week as the limit of defendant's liability.

Furthermore, the order in effect disregards the provision that no modification should be sought for a period of two years, for while the present application was made more than two years after the decree, it relates to provisions for maintenance within that period.

The facts indicate that the sum of twenty-seven dollars and fifty cents weekly is enough for the support of the child, in view of defendant's circumstances and the age of the child, which is seven years.

APPEAL by the defendant from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 3d day of August, 1927.

Appeal by the plaintiff from so much of said order as denies her motion to increase the allowance to be paid for the support of the child.

*Walter D. Yankauer* of counsel [*Sperry & Yankauer,* attorneys], for the plaintiff.

*Norman M. Behr* of counsel [*Jacob Greenberg* with him on the brief, *Myers, Goldsmith & Behr,* attorneys], for the defendant.

McAVOY, J. The learned court at Special Term directed defendant in this action to pay plaintiff $2,641.50, the amount of expenses for doctors, nurses and medical supplies for the benefit of the infant child of the parties. It also denied plaintiff's motion for an increase in the sum to provide for the child's maintenance. There are cross-appeals by the parties as to the relief granted and that denied.

The parties are divorced and a fixed amount has been set in the decree as the sum to be paid by the husband to support the issue of the marriage. There is also a provision in the decree which provides that no modification shall be sought for a period of two years. The parties made a separation agreement providing for the payment of alimony for the support of plaintiff and the infant child as well as providing for the custody of the child, which allowed the child to remain with the mother except for four periods of two weeks each during the course of the year. Alimony was to cease upon remarriage. The plaintiff has remarried and an application was made to the court to fix a sum to be paid for the support of the child alone.

In December, 1924, an order was made directing the defendant to pay $27.50 a week for the support of the child, which was fixed as a reasonable amount for its maintenance. The decree also directed that defendant maintain insurance policies for the benefit of the child upon his life in the sum of $15,000.

The two years during which modification was not to be asked for, expired December, 1926. The money sought to be recovered in this action covered expenses incurred during the two years, due to the illness of the child in March and April, 1926.

We consider that this order directing the payment of expenses for the child for these extraordinary sums is in contravention of the provision fixing the maintenance amount at twenty-seven dollars and fifty cents a week. It also, in effect, disregards the stipulation not to apply for any more money during the two-year period. Although the application was made after the two years expired, it relates to provisions for maintenance during that period.

From the facts presented we also conclude that twenty-seven dollars and fifty cents weekly is enough for the present support of the child, in view of the defendant's circumstances and in view of the age of the child, which is now about seven years.

The order so far as appealed from by the defendant should be reversed and the motion in said respect denied, and so far ·as appealed from by the plaintiff affirmed, without costs.

DOWLING, P. J., MERRELL, FINCH and PROSKAUER, JJ., concur.

Order so far as appealed from by the defendant reversed and the motion in said respect denied, and so far as appealed from by the plaintiff affirmed, without costs. Settle order on notice.