MYRON KOMMEL and Another, Appellants, *v.* DAVID E. KARRON, Respondent.

Supreme Court, Appellate Term, First Department, July 12, 1934.

*Kommel & Rosenberg* [*Myron Kommel* of counsel], appellants in person.

*Eugene Schwartz,* for the respondent.

CALLAHAN, J.  Shirley Karron, the wife of defendant, sued him in the Supreme Court for separation.  The defendant counterclaimed for a separation.  Alimony and counsel fee *pendente lite* were awarded and paid.  Defendant prevailed in that action and a judgment of separation was awarded him.  The decree provided, however, that the wife have the custody of an infant son and a provision was made therein that the husband pay the wife ten dollars weekly for the support of the child.  After the entry of judgment these parties became reconciled, lived together for several years and again separated.  Later the husband failed to pay the sum decreed for the child's support.  The wife then moved through the present plaintiffs to punish the husband for contempt for failure to make such payments.  She also asked that the provisions in the decree as to visitation be modified.  Special Term denied the motion.  On appeal this decision was reversed and the motion granted.  The husband was ordered punished for contempt and the provisions as to visitation changed.  (See *Karron* v. *Karron,* 239 App. Div. 180.)  A second motion to punish for contempt for further non-payment was made and granted.  The husband

appealed to the Court of Appeals from the order of reversal on the first motion. A motion was then made by plaintiffs for counsel fees to oppose the appeal. This was granted. But the husband immediately discontinued the appeal and the provision for counsel fees was vacated without prejudice to the rights of plaintiffs to institute an action at law to recover the reasonable value of their said services.

This action was then commenced by plaintiffs. The complaint alleged a claim for the reasonable value of services rendered to defendant's wife " and/or " his infant son, as necessaries. Although plaintiffs established that the value of the services rendered exceeded the sum sued for and defendant offered no proof, the court below dismissed the complaint on the merits apparently on the ground that no liability of defendant husband existed at law. On this appeal plaintiffs assert only the right to recover as necessaries the value of the services rendered to the child. We need not consider, therefore, whether they might be compensated for services rendered to the wife.

Based on the natural obligation of a parent to furnish necessaries for his child, the law confers on any person who supplies such necessaries, where the parent neglects that duty, a cause of action to recover the amount expended on the theory of implied promise. (*De Brauwere* v. *De Brauwere*, 203 N. Y. 460, 462.) The father's liability for such necessaries furnished his child continues after divorce or separation from the mother. (*Laumeier* v. *Laumeier*, 237 N. Y. 357.) It has been held, however, that alimony when allotted measures the extent of the husband's liability for the support of his wife and he cannot be held liable for payment of sums in excess thereof on the ground that such sums were provided to the wife as necessaries. (*Turner* v. *Woolworth*, 221 N. Y. 425.) And under certain circumstances the same limitation has been applied as to necessaries supplied to a child where a sum has been allotted to cover the child's support. (*Finn* v. *Finn*, 222 App. Div. 34.) In *Turner* v. *Woolworth* (*supra*) the attorney was seeking to recover as necessaries from the husband the alleged excess of the reasonable value of his services rendered to a wife in two matrimonial actions over the counsel fees which had been awarded and paid therein. The Court of Appeals held that no such additional recovery could be had. Though part of the services involved in that case were rendered in connection with a motion to punish the husband for contempt such contempt was based on non-payment of temporary alimony. (See *Woolworth* v. *Woolworth*, 115 App. Div. 405, and *Turner* v. *Woolworth*, 165 id. 70.) Counsel fees had been awarded in the action and an additional award of

counsel fees had been granted covering the services rendered on such motions.

In a recent case the Appellate Division, in the Second Department, held that the husband might be held liable for necessaries for legal services rendered a wife after judgment of separation in her favor in bringing contempt proceedings to enforce the judgment and in resisting the husband's efforts to modify it by reducing permanent alimony. (*Goldberg* v. *Keller*, 236 App. Div. 541.) It is true that in that case no temporary alimony or counsel fees had been allotted but the decree provided for permanent alimony. The court there said that the right to sue might have been waived if a motion had been made for counsel fees. We deem that the court was referring to an application for counsel fees for the services rendered after judgment. Counsel fees allowed in the action are to enable the wife to carry on or defend the action. (Civ. Prac. Act, § 1169.) They would not seem to cover services made necessary by failure to obey the judgment. While the Court of Appeals in *Turner* v. *Woolworth* (*supra*) held that a motion to punish for contempt was a motion in the action as distinguished from a special proceeding and that legal services in making such motions were covered by the counsel fees allowed, this did not amount to a holding that counsel would be required to take steps to enforce obedience to a final judgment years after its entry for the fee allowed in the action. The court was discussing a motion to punish for non-payment of alimony *pendente lite*.

In *Horn* v. *Schmalholz* (150 App. Div. 333) the court upheld the right of an attorney to recover for services rendered after judgment in prosecuting an application to protect or increase the alimony awarded. It was there held that such services were necessaries and the husband was liable in an action therefor, although the judgment awarded a sum for permanent alimony for the wife's support.

Here the sum awarded was for the support of a child. Undoubtedly that sum was fixed on the assumption that it would be paid without deduction for legal expenses in collecting it. The services of plaintiffs were largely, if not wholly, to compel payment of the child's support. To permit the conduct of the father in refusing to make such payments without litigation to decrease the moneys available for the child's support would defeat the purpose of the judgment. While we deem that application to the Supreme Court to award additional counsel fees for such services might be proper we do not see why counsel for the child might not exercise the choice of suing for necessaries when no such application had been made. No counsel fee having been allowed for the services involved

herein and the application for same having been denied without prejudice to an action therefor, we find that plaintiffs were entitled to recover.

As the present services were rendered in part to relieve the wife of the expense of bringing the child to New York and as we are now passing solely on the question of liability for services rendered the child, a new trial will be ordered limited to the question of the value of the services rendered to the child.

Judgment reversed, with thirty dollars costs, and judgment directed for plaintiffs for the value of the services rendered to the child, the amount thereof to be assessed by the court.

All concur; present, CALLAHAN, FRANKENTHALER and SHIENTAG, JJ.