ROBERT DRAVECKA, Appellant, *v.* WALTER L. RICHARD, Respondent.

(Argued March 12, 1935; decided April 16, 1935.)

*William M. Chadbourne, Clinton DeWitt Van Siclen, Robert W. MacMillan* and *Gerald B. O'Neill* for appellant.

*Harold Shapero* and *Lloyd Paul Stryker* for respondent.

CROUCH, J. The plaintiff is the assignee of Chadbourne, Hunt, Jaeckel & Brown, attorneys at law. The action is for legal services rendered to the defendant's wife at her request in litigation arising out of the marital relationship.

In 1932 the wife sued the defendant for a divorce. In that action, upon a motion for alimony and counsel fees *pendente lite*, an order was made allowing $15,000 per year to the wife for alimony and for the maintenance of two children, and $5,000 for counsel fee. The plaintiff's assignors appeared for the wife.

Shortly thereafter the defendant applied for a writ of habeas corpus to secure the custody of the children. The plaintiff's assignors again appeared for the wife. A long trial was had and the case submitted. The plaintiff's assignors were thereafter superseded as attorneys of record by other counsel. The services sued for are those rendered in that proceeding.

So far as appears, both the divorce action and the custody proceedings are pending and undetermined. The defendant has complied with the order allowing alimony and counsel fees.

There can be no doubt that legal services rendered to a wife may, under various circumstances, be classified as necessaries for which a husband is liable. (*Elder* v. *Rosenwasser*, 238 N. Y. 427.) (Cf. same case below, 121 Misc. Rep. 181; *Naumer* v. *Gray*, 28 App. Div. 529.) It seems to be conceded by both parties that the services in question here fall into that category. The barrier to plaintiff's recovery is not the nature of his claim, but the fact that the defendant's marital liability was measured and fixed by the terms of the alimony order in the divorce action, and so remains. (*People ex rel. Commissioners of Charities* v. *Cullen*, 153 N. Y. 629, 635; *Turner* v. *Woolworth*, 221 N. Y. 425; *Klein* v. *Dula*, 217 App. Div. 473; *McLaughlin* v. *McCanliss*, 146 Misc. Rep. 518; affd., 240 App. Div. 964; leave to appeal denied by this court.)

Section 1169 of the Civil Practice Act provides that in a divorce or separation action, the court, in its discretion, during the pendency thereof, from time to time, may make and modify an order or orders requiring the husband to pay any sum or sums of money necessary for the support of the wife, having regard to the circumstances of the respective parties. The wife chose the remedy given by the statute. The amount fixed by the court became for the time being " the measure of her rights and of her husband's obligations." (*Turner* v. *Woolworth, supra,* p. 428.) " The wife was not obliged to resort to the court for support pending the action; to do so was discretionary with her. If she did not apply, the husband's common-law liability to provide her with the necessaries of life according to his station would still continue. * * * If the court had fixed the amount of alimony the husband's liability for the support of his wife would then have been confined to the figures stated." (*Elder* v. *Rosenwasser, supra,* pp. 431, 432.) The word " support," as used in the statute and as used in the last cited case, means the supply of necessaries. Necessaries are not limited to food, clothing and a habitation.

The judgment should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS and LOUGHRAN, JJ., concur; FINCH, J., not sitting.

Judgment affirmed.