GERTRUDE B. KARMINSKI, Respondent, v. VICTOR KARMINSKI, Appellant.

First Department, November 1, 1940.

*Rosalind Kramer* of counsel [*Sherman & Goldring,* attorneys], for the appellant.

*Louis Hartmann,* for the respondent.

Callahan, J.   There is no substantial dispute concerning the material facts in this case.

Plaintiff divorced the defendant in 1925.   There was one child, a daughter, the issue of the marriage, whose custody was awarded to the plaintiff.   The defendant was directed to pay alimony in the sum of eighty dollars per month.   The provisions of the final decree were as follows: " Ordered, adjudged and decreed that the defendant pay to the plaintiff the sum of Eighty ($80) Dollars per month as and for the support of said plaintiff, and the support and maintenance of the issue of said marriage."

The defendant having fallen into arrears in alimony, a motion was made to sequester his property.   This resulted in an order denying plaintiff's application for sequestration, but directing defendant to pay $100 per month, $80 of which was the alimony specified in the prior judgment, and $20 on account of the arrears which had accumulated.   This order, which was entered on July 12, 1939, apparently has been complied with up to the time the present motion was made.

A motion was then made by plaintiff to compel the payment of an additional $360.75.   Plaintiff has shown to the satisfaction of a referee that said sum was disbursed for professional services (medical and surgical) in treating the daughter of the parties during illnesses.   She has established that the charges were reasonable, and there was no proof that the defendant was financially unable to make payment.   The referee, accordingly, reported that, in his opinion, the defendant should be directed to reimburse the wife for the money so expended, and Special Term confirmed this report and so ordered on April 19, 1940.

The sums involved represent moneys spent by the wife in the years 1938 and 1939.   The order, therefore, related to moneys already expended, and not for payment of future support.   It did not provide for any modification of the provisions of the decree with respect to alimony, but merely contained a mandatory direction for the repayment of the sums involved.

The questions presented are whether the liability of the husband for the support of the child is limited by the decree previously made, and whether the court may retroactively effect an increase in the husband's liability, even though the amount involved relates to necessary expenses of an extraordinary or unforeseen nature.

No question is presented concerning the power of the court to modify its decree to increase or otherwise alter the husband's future obligations.

We think the order appealed from is erroneous.

The rule is stated in *Turner* v. *Woolworth* (221 N. Y. 425): "The rule is that alimony, when allotted, measures the husband's duty of support. * * * Any other conclusion might lead in practice to gross abuses. There would be little end to litigation if such orders settled nothing."

In *Dravecka* v. *Richard* (267 N. Y. 180) the Court of Appeals, in referring to the husband's liability for necessaries expended by the wife, where a provision already existed for fixed alimony, said: "The barrier to plaintiff's recovery is not the nature of his claim, but the fact that the defendant's marital liability was measured and fixed by the terms of the alimony order in the divorce action, and so remains."

This court in *Finn* v. *Finn* (222 App. Div. 34) — a case which likewise involved expenses for doctor's services for an infant child — reversed an order directing the defendant to pay a lump sum, the amount of expenses for medical treatment to the child, the issue of the marriage of the parties, upon the ground, among others, that an outstanding order fixing a sum for the support of the child measured the husband's liability.

The cases relied on by respondent to support the order appealed from are all distinguishable on the facts. *Laumeier* v. *Laumeier* (237 N. Y. 357) was an action for the support of an infant child. The parties had been divorced in a foreign State at a time when it was not known that plaintiff, wife, was pregnant. Consequently, there was no provision in the decree of divorce for the support and maintenance of the child that was subsequently born. The Court of Appeals held that under such circumstances the husband was not freed from liability for support of his child.

*De Brauwere* v. *De Brauwere* (203 N. Y. 460) is entirely dissimilar in facts. That was an action brought by the plaintiff, wife, in equity, to recover a sum expended by her for necessaries. The sole question involved was whether the common-law disability of the wife to sue the husband prevented the plaintiff from bringing the action. There was no decree of divorce, or other outstanding order limiting the amount to be paid by the husband.

In *Ehrich* v. *Ehrich* (211 App. Div. 490) the decree of divorce which had been procured by the wife provided that the defendant, husband, was to "properly" support, educate and maintain each of the children of the marriage. The action was one to compel the defendant to reimburse the wife for expenditures necessarily

made by her because of the failure of the husband to comply with the divorce decree. In that case, therefore, the original decree did not contain any specific limitation of amount, but, on the contrary, left the matter open.

In *Dumay* v. *Dumay* (217 App. Div. 773) the Appellate Division, Second Department, enforced an order against a divorced husband for the payment of medical expenses disbursed by his former wife for the support of their child. The statements contained in the memorandum opinion in that case, however, must be read in the light of the facts disclosed in the record on appeal. There the decree of divorce, as amended, provided that the defendant was to pay fifteen dollars a week for the support of his wife and child. The wife had remarried several months before the bill for medical services for the child was incurred. She had endeavored nevertheless, to obtain the full alimony of fifteen dollars. The defendant had offered to pay only for the support of the child, and had offered the sum of five dollars for such purpose. At the time that the motion to compel the payment of medical expenses was presented it was quite apparent that the father was liable only for the support of the child but there was no determination as to what sum would measure that liability. Apparently at the time Special Term decided the motion with respect to the payment of the medical expenses, it granted a cross-motion by the defendant fixing the sum of eight dollars a week for the support of the child. However, this fixation occurred after the claim for medical expenses had arisen. The case is not one in which the court disregarded the limitation of liability fixed in its decree.

We think that a decree of divorce fixing a sum payable for support of a child of the marriage is intended to limit the liability of the husband for all expenses for the maintenance of said child, and that it is improper to disregard such limitation with respect to past expenditures, even though the amounts involved represent necessaries of a somewhat extraordinary nature. In so holding we do not relieve the father of the obligation to support his child. On the contrary, we uphold such obligation, but limit the amount of his liability to the sum fixed by the court's judgment until and unless such judgment is modified. Any other rule would invite constant squabbles over alleged extra expenditures for the support and maintenance of children of divorced parties, where the court had already fixed a sum for such support.

The order should be reversed and the motion denied.

MARTIN, P. J., O'MALLEY, UNTERMYER and DORE, JJ., concur.

Order unanimously reversed and motion denied.