Per Curiam.

The bail fund was established to secure compliance by the defendant with the provisions of the order which was to be entered upon the then pending motion for alimony and counsel fees. The order subsequently made provided for the payment by defendant of certain amounts therein specified. The defendant failed to make the payments directed and as a consequence the amounts awarded became a proper charge against the bail fund. The fund was created entirely through the professional skill and labor of the petitioners who now seek to be compensated for their highly skillful services rendered throughout to appellant.
While the order of arrest does not mention counsel fees it specifies “ support ”. The word “ support ” as used in section 1169 of the Civil Practice Act comprehends “ necessaries ” (Dravecka v. Richard, 267 N. Y. 180, 182) which in turn includes counsel fees (Elder v. Rosenwasser, 238 N. Y. 427).
Although the defendant has not appealed from the granting of the additional counsel fee and disbursements the plaintiff is aggrieved thereby, insofar as the additional allowance is made payable out of the fund. Without passing upon the propriety of the allowance, in view of defendant’s failure to appeal, we hold that the additional $4,000 awarded is not a proper charge against the bail fund.
*325 The order appealed from should therefore be modified by eliminating therefrom the provision directing payment of the additional $4,000 out of the bail fund and as so modified affirmed, with $20 costs and disbursements to the appellant.