Dore, J.
(dissenting in part). The order of arrest which required bail in the sum of $50,000 did not require by its terms, compliance with any order respecting counsel fees. It expressly provided for obedience to an order “ requiring him [defendant husband] to perform the act above specified ”. That act was “ the payment of maintenance and support, the neglect or refusal to perform which would be punishable by the court as a contempt * *
The original order for counsel fees, dated September 26,1946, provided “ that the defendant be * * * directed * • * to pay to the plaintiff * * * $15,000 as * * * plaintiff’s counsel fee ”. That order did not direct that such fees be paid from the bail fund already provided for by the order of arrest dated August 20, 1946. On the contrary, it further expressly ordered “ that all of the payments directed to be made by the defendant under this order shall be made by cash or certified check at the office of * * * [plaintiff’s] attorneys ”. The order appealed from completely varies that direction, not appealed from, by providing that the Clerk of the County of New York sell certain treasury bonds and out of the proceeds pay the counsel fees.
The large allowance in the sum of $15,000 was based on the referee’s findings of the husband’s ability to pay and defendant’s vast income. Clearly a $15,000 counsel fee could not have been justified if the husband’s resources were only $50,000, the amount of the bail fund.
Alimony cannot be resorted to in order to pay counsel fees (Turner v. Woolworth, 221 N. Y. 425, 429; Matter of Brown, 178 App. Div. 558, 565). The bail was furnished to secure the alimony for the wife’s “ maintenance and support ”. Petitioners must look to defendant for payment, not to the wife or her aEmony or a bail bond posted to secure such alimony.
Sitting as a Court of Equity, Special Term in any event should not have directed so great an amount to be paid out of the baE fund as counsel fees leaving so little for plaintiff’s alimony and support.
In Elder v. Rosenwasser (238 N. Y. 427) and Dravecka v. Richards (267 N. Y. 180) it was said that under varying circumstances legal services may be classified as necessaries for which a husband is liable. But both those actions were against the *326 husband who was liable for the wife’s necessaries generally. This proceeding is directed not against the husband' but against the wife, petitioners’ former client. In coming into the case petitioners consented that they should be paid by the husband and made no claim for liability for their fees on the part of the wife, though, of course, they had the option so to do before accepting the retainer in the case.
Accordingly, I concur in the modification striking out the additional $4,000 allowed, but otherwise, I dissent and vote to reverse and dismiss the petition as against appellant.
G-lennon, Cohn and Peck, JJ., concur in Per Curiam opinion; Dore, j., dissents in part in opinion in which Martin, P. J., concurs.
Order modified by eliminating therefrom the provision directing payment of the additional $4,000 out of the bail fund and as so modified affirmed, with $20 costs and disbursements to the appellant. Settle order on notice.