CAMILLA BUCKLER, Plaintiff, *v.* LOUIS WOLMAN, Defendant.

Supreme Court, Special Term, Kings County, December 10, 1947.

*Harry A. Goidel* for defendant.

*Fireman & Fireman* for plaintiff.

FROESSEL, J. The maternal grandmother of the defendant's two children, Cecelia, born September 9, 1925, and Allen, born April 24, 1933, sues to recover the sum of $5,100 alleged to have been expended by her for necessaries furnished said children, consisting of food, clothing, medicines, medical and dental care and attention and shelter, from about the month of August, 1942, to the date of the commencement of this action. The complaint alleges that from on or about February 10, 1939, to date, the defendant unjustifiably abandoned his wife and children, who were left without any means of support.

The defendant has interposed an answer, in which he denies the material allegations of plaintiff's complaint, and more particularly that she furnished necessaries to his children, for which he is liable, and in addition, has alleged the following three affirmative defenses: (a) That in June, 1939, the defendant's wife (plaintiff's daughter) brought an action against him in this court for a judicial separation, and for support for herself and the two children; that in said action, she made a motion for temporary alimony and counsel fees; that by an order of this court, dated July 21, 1939, the defendant was required to pay the plaintiff a counsel fee and the sum of $10 weekly "for the support and maintenance of the children of the plaintiff during the pendency of this action, commencing with the twenty-second day of July, 1939, * * * so long as this action shall be pending"; that the the defendant complied with this order and the same is still in full force and effect, never having been modified or vacated; (b) that since on or about September 1943, one of the defendant's children, Cecelia, has been and still is employed, self-sufficient and self-supporting, and that on or about September 9, 1946, she became 21 years of age; (c) that the above-described separation action, in connection with which an order for temporary alimony and counsel fees was made, and complied with by the defendant, is still pending undetermined in this court and constitutes in substance another action pending for the same relief as is demanded by the plaintiff in this action.

The defendant has now moved for an order, pursuant to rule 113 of the Rules of Civil Practice, for summary judgment upon the ground that there is no merit to the plaintiff's complaint, inasmuch as the subsisting order in the separation action above

referred to, bars, as a matter of law, the recovery sought by the plaintiff in this action.

It has been held that a wife, having chosen the remedy afforded by section 1169 of the Civil Practice Act, is bound thereby, and the amount fixed by the court upon such application becomes for the time being " the measure of her rights and of her husband's obligations." (*Dravecka* v. *Richard,* 267 N. Y. 180, 183; *Elder* v. *Rosenwasser,* 238 N. Y. 427; *Turner* v. *Woolworth,* 221 N. Y. 425.) Section 1169 of the Civil Practice Act makes no distinction between actions for divorce and separation, and the barrier to any other claim for necessaries, while the outstanding order subsists, and is being performed, is " the fact that the defendant's marital liability was measured and fixed by the terms of the alimony order * * * and so remains." (*Dravecka* v. *Richard, supra,* p. 182, and cases cited therein.)

We have in this case an order made pursuant to section 1169 of the Civil Practice Act which expressly provided support solely for the two children, to whom the plaintiff herein, a third party, claims to have furnished necessaries. This is not a case such as *Laumeier* v. *Laumeier* (237 N. Y. 357) which held that a husband was not freed from his liability to support his child, by a divorce in a sister State, which made no provision for the child's support, since it was not yet born. Nor is it apposite to *Ehrich* v. *Ehrich* (211 App. Div. 490) where the divorce decree procured by the wife in general terms required the husband to properly support, educate and maintain each of the children of the marriage; in an action to compel the husband to reimburse the wife for expenditures necessarily made by reason of the husband's failure to comply with the divorce decree, the plaintiff prevailed, inasmuch as the divorce decree did not contain any *specific* limitation of the *amount,* but left the matter open.

The instant action is on principle similar to *Karminski* v. *Karminski* (260 App. Div. 491) wherein the court held that it was improper to disregard the limitations of a divorce decree with respect to past expenditures, even though they represented necessaries of a somewhat extraordinary nature, where the decree of divorce fixed the sum payable for the support of the child of the marriage. In reaching this conclusion, the court said: " In so holding we do not relieve the father of the obligation to support his child. On the contrary, we uphold such obligation, but limit the amount of his liability to the sum fixed by the court's judgment until and unless such judgment is

modified. Any other rule would invite constant squabbles over alleged extra expenditures for the support and maintenance of children of divorced parties, where the court had already fixed a sum for such support.''

The plaintiff contends, however, that the rule is different where a third party, rather than the wife, seeks reimbursement for necessaries. There is no such distinction, for in the *Dravecka* case (267 N. Y. 180, *supra*) where a temporary order under section 1169 of the Civil Practice Act was also involved, a third party, the assignee of a firm of attorneys, sought the recovery for legal services rendered for the benefit of the wife, which the court construed to mean necessaries which are not limited to food, clothing and habitation. (See also *Turner* v. *Woolworth* 221 N. Y. 425, *supra; Boller* v. *Crider,* 31 N. Y. S. 2d 987.)

Accordingly, the motion for summary judgment is granted. Settle order and judgment on notice.