638

## KELEHER v. KELEHER.
### Nos. 720, 721.

Municipal Court of Appeals for the
District of Columbia.
Dec. 14, 1948.

James J. Laughlin, of Washington, D. C., for appellant.

Alvin L. Newmyer, of Washington, D. C. (Alvin L. Newmyer, Jr., of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

On March 26, 1947, Mrs. Keleher filed suit against Mr. Keleher in the United States District Court for the District of Columbia seeking a limited divorce or separate maintenance on the ground that he had deserted her on January 25, 1946. Her complaint alleged he had a large income and she sought both temporary and permanent alimony. In his answer he alleged she deserted him on January 25, 1946, taking with her a large sum of money belonging to him, and he asked for a limited divorce on the ground of cruelty. On May 11, 1948, she filed a motion for maintenance pendente lite, supporting the motion by affidavits in which she stated, among other things, she was in dire need and unable to pay the rent for her apartment and was fearful of being evicted for non-payment of rent. This motion was heard on testimony taken in open court. On June 24, 1948, the District Court by order denied the motion, and at the same time made the following findings of fact:

"1. The plaintiff, Anna T. Keleher amply provided for her maintenance in taking

from the safe deposit boxes, at the time of said parties' separation, considerable sums of money belonging to defendant.

"2. Although plaintiff admits that she took sums totalling $32,000 or $33,000, the other evidence fairly shows that the amount taken was considerably in excess of the amount admitted by plaintiff to have been taken by her and was at least twice the amount so admitted.

"3. That unless said plaintiff has improvidently expended or lost said sums, she is in possession of funds of her husband far in excess of her requirement for maintenance pending final hearing.

"4. That plaintiff's endeavor to prove that such funds have been expended or lost by her is not acceptable to the court."

The case awaits trial on its merits in the District Court.

On June 28, 1948, Mrs. Keleher filed in the Municipal Court this action against Mr. Keleher alleging that as her husband he was responsible for the payment of rent for her apartment and asking judgment for three months' rent at $162 per month, a total of $486. On July 26, 1948, she filed a similar suit against him for one month's rent of $162. These actions were tried together. At the trial the record of the District Court action was received in evidence, and testimony was given by both husband and wife. The trial court gave judgments for the husband and the wife has appealed.

We think the judgments must be affirmed for several reasons. In the first place, we think the trial court was without jurisdiction to grant the relief asked. The claims of the wife, regardless of how stated, were in substance to compel the husband to provide funds for her separate maintenance. If she could maintain her actions for rent money she could also sue for money for clothes, food and other necessaries. The Municipal Court is a court of limited jurisdiction and the Act[1] creating it conferred upon it no jurisdiction to award a wife separate maintenance. Jurisdiction to grant such relief is specifically given to the District Court.[2]

Moreover, even if we assume existence of jurisdiction in the Municipal Court we think the responsibility of the husband to pay the rent for his wife's separate apartment had been fully presented to and decided by the District Court. The doctrine of res judicata precluded relitigation of that issue in the Municipal Court.[3]

Furthermore, even if the Municipal Court had jurisdiction and the doctrine of res judicata was not applicable, the trial court was justified in denying relief on the ground that the District Court had acquired jurisdiction to determine the marital difficulties of the parties and to award all proper and necessary relief, and that so long as the District Court proceeding was pending the Municipal Court ought not to entertain a proceeding between the parties involving any of the issues in the District Court proceeding.[4]

And finally, aside from the foregoing, the trial court, if it accepted the husband's testimony, could have found that the wife deserted the husband without good cause, taking with her $80,000 of his money. From such finding the trial court could conclude, as the District Court did, that the husband had supplied the wife with ample funds for her support, even though he did it involuntarily.

Affirmed.

[1] Code 1940, Supp. VI, Chap. 7, §§ 11—751 to 11—777.

[2] Code 1940, § 16—415. See also §§ 16—410 and 16—411.

[3] In New York it is held that alimony, when allotted, measures the husband's duty of support, but that the husband may be liable for his wife's necessaries where she has sought but failed to obtain alimony pendente lite. See Dravecko v. Richard, 267 N.Y. 180, 196 N.E. 17;

Elder v. Rosenwasser, 238 N.Y. 427, 144 N.E. 669; Turner v. Woolworth, 221 N.Y. 425, 117 N.E. 814. Our holding is not necessarily contrary to the New York rule for the District Court in denying maintenance pendente lite in effect held that the wife had supplied herself from her husband's funds with means ample for her support.

[4] Cf. Coates v. Ellis, D.C.Mun.App., 61 A.2d 28.