## IRWIN v. HAWFIELD.

### No. 725.

Municipal Court of Appeals for the
District of Columbia.

Dec. 27, 1948.

Jackson Brodsky, of Washington, D. C.,
(Charles Walker, of Washington, D. C., on
the brief), for appellant.

Joseph O. Francke, of Washington, D.
C., for appellee.

Before CAYTON, Chief Judge, and
HOOD, and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Appellee, a physician, sued for professional services rendered to Mrs. Emma Irwin. He named as defendants Mrs. Irwin and her husband, J. D. Irwin. Finding and judgment were entered against the husband only, and he appeals.

Plaintiff's evidence showed that the services, which were performed between October 1945 and May 1946, were rendered without the knowledge or consent of appellant husband who had since July 1945 been paying to his wife under order of the United States District Court the sum of $225 per month, as alimony pendente lite.

The trial judge based his decision on the theory "that the pendency of an order of the District Court which obligated the husband to make payments for the maintenance of his wife, which order had been performed, did not prevent the wife from pledging the husband's credit for extraordinary necessities which could not possibly be contemplated when the order of the District Court was entered requiring the defendant, J. D. Irwin, to pay alimony." We must hold the decision erroneous.

The issue of how much defendant Irwin should pay his wife for necessaries was litigated and decided in the District Court and as between husband and wife had become res judicata. Gill v. Gill, 79 U.S.App.D.C. 357, 147 F.2d 154; Keleher v. Keleher, D.C.Mun.App., 62 A.2d 638.

If the wife felt that the award was inadequate or that circumstances justified demanding a higher allowance she could have sought such relief in the District Court. Holmes v. Holmes, 81 U.S.App.D.C. 132, 155 F.2d 737, 166 A.L.R. 1000; Russell v. Russell, 79 U.S.App.D.C. 44, 142 F.2d 753, 153 A.L.R. 1037; Eliasson v. Eliasson, 68 App.D.C. 391, 98 F.2d 263; Davis v. Davis, 61 App.D.C. 48, 57 F.2d 414. That Court alone had the power to reopen and modify the alimony decree.

As we pointed out in the Keleher case, cited above, the Municipal Court has no power to compel a husband to provide funds for his wife's separate maintenance. It is true that in that case the suit was filed by the wife but here the husband's rights are no less definite merely because the suit was filed by a creditor.

Nor do we see any force in the argument that the wife had a right to pledge

her husband's credit for a doctor's bill because it was for "extraordinary necessities." It has no support in the record. The record in the District Court case, which was in evidence, reveals that in the report of the Domestic Relations Commissioner, on which the alimony decree was based, there was specifically taken into account Mrs. Irwin's needs for "doctor, dentist, medicine," as set out in an affidavit filed by her in the cause. Quite clearly, therefore, the rule is applicable here "that alimony, when allotted, measures the husband's duty of support." Turner v. Woolworth, 221 N.Y. 425, 117 N.E. 814, 815; Dravecko v. Richard, 267 N.Y. 180, 196 N.E. 17; Elder v. Rosenwasser, 238 N.Y. 427, 144 N.E. 669. We find no circumstance here which takes the case out of the operation of the general rule.

Reversed with instructions to enter judgment for defendant J. D. Irwin.