George D. Friou, Respondent, v. William G. Gentes, Appellant.

Second Department, June 27, 1960.

*Arthur S. Berger* for appellant.

*George D. Friou,* respondent in person.

BELDOCK, J.  On June 26, 1943 appellant married Jean Sprat-
ley in Nassau County.  Two children were born of that marriage.
On October 10, 1953 Jean Spratley Gentes commenced an action
for divorce in Vermont on the ground of cruelty.  On April 22,
1954 the parties to the divorce action stipulated with respect
to custody, visitation, and a fixed amount to be paid by appellant
for the support of the children.  On June 1, 1954 Jean Spratley
Gentes was granted a divorce by a judgment which incorporated
the provisions of the stipulation.  On November 20, 1958 appel-
lant instituted a habeas corpus proceeding in Suffolk County
to obtain a change in the custody provisions of the Vermont
judgment.  Respondent, an attorney, was retained by appel-
lant's former wife to render the legal services necessary to
uphold the provisions of that judgment.  Appellant's applica-
tion for the change in the custody provisions was denied.  In
this action to recover from appellant for the value of the legal

services rendered by respondent to appellant's children in the habeas corpus proceeding, motions by both parties for summary judgment and for judgment on the pleadings were denied on the theory that, although appellant is liable for counsel fees for services rendered on behalf of his children, he is not liable for counsel fees for services rendered on behalf of his former wife. The court held that whether the services were rendered on behalf of the former wife or on behalf of the children is a question of fact. The appeal is from only that part of the order which denied appellant's cross motion.

In our opinion, appellant is liable for the value of the legal services rendered by respondent, whether those services were rendered on behalf of appellant's former wife or on behalf of his children.

Legal services rendered for a wife or child are necessaries. (*Dravecka* v. *Richard,* 267 N. Y. 180; *Elder* v. *Rosenwasser,* 238 N. Y. 427.)

The general rule is that, where the court has fixed the amount of alimony to be paid to a wife for her support, the husband's liability therefor is confined to the amount of the award. The wife is not at liberty to disregard the limit of the award and hold the husband to his common-law liability for necessaries furnished, where the husband complies with the judgment (*Turner* v. *Woolworth,* 221 N. Y. 425). The rule is the same where a judgment has been made fixing a defendant's liability for the support of his child. (*Karminski* v. *Karminski,* 260 App. Div. 491; *Finn* v. *Finn,* 222 App. Div. 34; *Buckler* v. *Wolman,* 190 Misc. 916.) To the extent that *Dumay* v. *Dumay* (217 App. Div. 773) and *Gellert* v. *Gellert* (128 Misc. 146, affd. 219 App. Div. 737) are to the contrary, they are disapproved.

However, there are several exceptions to the general rule. One, which is inapplicable here, is that, where affirmative action is taken in this State against a defendant to obtain relief not barred by the foreign judgment, he is liable for the services which accomplish that result. (*Gutterman* v. *Langerman,* 2 A D 2d 63.) The other, which is applicable here, is that, where the defendant takes affirmative action to change the matrimonial judgment (*Fox* v. *Fox,* 263 N. Y. 68; *Goldberg* v. *Keller,* 236 App. Div. 541) or fails to obey the judgment (*Goldberg* v. *Keller, supra; Kommel* v. *Karron,* 152 Misc. 294) or otherwise flouts the provisions of the judgment (*Cohen* v. *Kosch,* 196 Misc. 1057), he is liable for the legal services made necessary by his action.

Here the respondent is entitled to recover because appellant, long after the entry of the Vermont divorce judgment, brought

an affirmative proceeding in this State to vary one of the provisions of the judgment, thus necessitating the employment of respondent to uphold its provisions. In such event, the support provisions of the judgment no longer constitute the limit of appellant's liability for the necessary legal services furnished, either to the former wife or to the children, in the proceeding. Therefore, the fact that respondent rendered his services with full knowledge of the provisions of the Vermont judgment would not bar recovery.

Insofar as *Nardozzi* v. *Gooding* (73 N. Y. S. 2d 784, affd. as to other matters 273 App. Div. 823) is to the contrary, it is overruled. *Dravecka* v. *Richard* (267 N. Y. 180, *supra*) is not to the contrary. There the action was to recover for legal services rendered as counsel to a wife in a habeas corpus proceeding, instituted by her husband (the defendant in a **divorce** action brought by her) during the pendency of the action and after an allowance *pendente lite* had been made for counsel fees and for the support of defendant's wife and children. It was held that the complaint in the action to recover for legal services rendered should be dismissed because the defendant's liability was measured and fixed by the terms of the order in the divorce action. There, however, the services were rendered *before* the termination of the divorce action in connection with a common incident of the action, so that the services, in the absence of an increase in the allowance, are deemed to be covered by the award made.

The order, insofar as appealed from, should be affirmed, with $10 costs and disbursements.

NOLAN, P. J. (dissenting). There can be no doubt that legal services rendered to a wife may, under varying circumstances, be classed as necessaries (cf. *Dravecka* v. *Richard,* 267 N. Y. 180) for which appellant might have been liable while the relationship of husband and wife existed between appellant and his former wife. I am unable to agree, however, that appellant's obligation to furnish necessaries to his wife survived the judgment of divorce in Vermont, which terminated the marital relationship, except insofar as that obligation was continued in the form of an award of alimony (cf. *Fox* v. *Fox,* 263 N. Y. 68; *Turner* v. *Woolworth,* 221 N. Y. 425, 428; *People ex rel. Commissioners of Public Charities & Correction* v. *Cullen,* 153 N. Y. 629, 635, 636). Neither do I agree that appellant may be compelled in this action to pay for legal services rendered on behalf of his children, in addition to paying the amounts which he is required to pay for their support by the judgment of

divorce. Concededly, appellant's duty to support his children survived the judgment of divorce, but his liability is limited to the amounts fixed by the court in that judgment, except as otherwise provided by statute (cf. *Langerman* v. *Langerman,* 303 N. Y. 465) until and unless the judgment of divorce shall be modified (cf. *Karminski* v. *Karminski,* 260 App. Div. 491; *Porges* v. *Louis-Dreyfus,* 280 App. Div. 277; *Dravecka* v. *Richard,* 267 N. Y. 180, *supra*).

The order, insofar as appealed from, should be reversed, and appellant's cross motion should be granted.

UGHETTA, PETTE and BRENNAN, JJ., concur with BELDOCK, J.; NOLAN, P. J., dissents in opinion.

Order, insofar as appealed from, affirmed, with $10 costs and disbursements.