■ ALICE M. REXER, Respondent, v. WILLIAM F. REXER, Appellant.— In an action by the plaintiff wife for a separation, in which a judgment was entered in her favor in 1957 awarding her custody of the five children and permanent alimony of $175 and directing the defendant husband to maintain the parties' Brooklyn house and Summer house for the benefit of plaintiff and the children, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County, dated July 26, 1961, as granted plaintiff's motion to compel him to comply with the judgment, by directing him: (a) to repair and repaint said houses; (b) to make other specified payments as reimbursement to plaintiff for her past expenditures to maintain the houses; (c) to pay $104 for the hospital expenses of an appendectomy operation performed on one of the children; (d) to pay for orthodontia work to be done on one of the children; and (e) to pay plaintiff $1,000 as a counsel fee for her attorney's services on this motion; said directions being embraced in the first nine decretal paragraphs of the order. Order modified as follows: (1) by striking out the sixth and seventh decretal paragraphs directing defendant to pay $104 for the hospital expenses; and (2) by striking out the ninth decretal paragraph directing defendant to pay for the orthodontia work. As so modified, order, insofar as appealed from, affirmed, with $10 costs and disbursements to the plaintiff. Defendant's time to make all the payments and to commence the performance of all the work upon the houses, in accordance with the order as hereby modified, is extended until 30 days after entry of the order hereon. Defendant's liability for the support of his minor children is limited to the sum fixed in the judgment of separation (*Karminski* v. *Karminski,* 260 App. Div. 491). It is improper to disregard this limitation with respect to past expenditures, even though the amounts involved represent necessaries of an extraordinary or unforeseen nature (*Karminski* v. *Karminski, supra*). Consequently, defendant cannot be compelled to pay for the expenses of the appendectomy. Nor is he liable for future orthodontia work, unless and until the judgment of separation be modified. Beldock, P. J., Ughetta, Brennan, Hill and Rabin, JJ., concur.

■ ALICE M. REXER, Respondent, v. WILLIAM F. REXER, Appellant.— In an action by the plaintiff wife for a separation, the defendant husband appeals from an order of the Supreme Court, Kings County, dated September 15, 1961 (a) which directs him to pay to plaintiff $500 as a counsel fee to enable her to defend his appeal to this court from the order in this action dated July 26, 1961; and (b) which directed him to pay the plaintiff's printing costs on said appeal. Order, dated September 15, 1961, modified by striking out the provision directing the payment of the printing costs. As so modified, order affirmed, without costs. Defendant's time to pay the $500 counsel fee is extended until 30 days after entry of the order hereon. By this court's decision on the companion appeal from the order of July 26, 1961 (see *Rexer* v. *Rexer,* 18 A D 2d 935) plaintiff will become entitled to recover her printing costs. Hence, the provision in the order of September 15, 1961 for the payment of such costs should be deleted to avoid any duplication of payments or directions. Beldock, P. J., Ughetta, Brennan, Hill and Rabin, JJ., concur.