LESTER GUTTERMAN et al., Appellants-Respondents, *v.* NATHANIEL LANGERMAN, Respondent-Appellant.

First Department, July 3, 1956.

*Joseph K. Reichbart* of counsel (*Lester Gutterman* and *Marvin H. Kucker* with him on the brief; *Gutterman & Reichbart,* attorneys), for appellants-respondents.

*David L. Schreiber* of counsel (*Harold M. Hoffman* with him on the brief; *Buchter, Rathheim, Abrams & Hoffman,* attorneys), for respondent-appellant.

64

*Per Curiam.* This is an appeal from two orders: One denying defendant's motion for summary judgment, and the other denying plaintiffs' cross motion for the same relief. Plaintiffs, who are lawyers, commenced an action in the Supreme Court, New York County, on behalf of defendant's former wife as guardian ad litem for their two infant issue, to obtain an increased allowance for their support and maintenance, over and above an amount fixed for each of them in a Nevada decree of divorce which incorporated support provisions for the children set forth in a prior separation agreement. The Nevada decree was in personam.

The Supreme Court action was decided adversely to the guardian ad litem by the dismissal of her complaint, and by successive appeals was finally determined in the Court of Appeals (*Langerman* v. *Langerman,* 303 N. Y. 465). Although the Court of Appeals affirmed the dismissal of the complaint for lack of jurisdiction, it held, in what appears to be a matter of first impression, that the Domestic Relations Court of the City of New York had jurisdiction to make an order independently of the valid existing decree in the State of Nevada which provided for the support of the infants (N. Y. City Dom. Rel. Ct. Act, § 91). The Court of Appeals also held that there was no limitation in the amount of support for such infants if the petitioner was the mother having custody of them (N. Y. City Dom. Rel. Ct. Act, § 92, subd. [3]).

Plaintiffs in this action contend that the institution of the Supreme Court action was essential to establish the law with respect to the maintenance of the infant children, and that predicated upon it they obtained in the Domestic Relations Court proceeding, an increased allowance amounting to approximately $2,500 per year for each child. Defendant, however, contends that the Supreme Court proceeding was wholly unnecessary and unwarranted.

Special Term held that "Summary judgment cannot be awarded to the plaintiffs, for they are not entitled to recover for services in the Supreme Court action because of the dismissal of the complaint." We cannot agree with that conclusion. Implicit in the award made by the Domestic Relations Court is the finding that prior thereto, the provision for the benefit of the infants contained in the Nevada decree was inadequate. Moreover, defendant admits that he has paid the increased sums in compliance with the Domestic Relations Court determination and has taken no appeal therefrom. All legal services furnished the infants to achieve the result, therefore, may have been necessa-

ries. We cannot say, at this time, that the commencement of the Supreme Court action, resulting as it did in the dismissal of the complaint on jurisdictional grounds, was abortive, since it may well have set the course which culminated in the Domestic Relations Court proceeding.

To require that victory in a given action be an indispensable prerequisite before recovery can be had on a *quantum meruit* basis without consideration as to whether the defeat suffered in one arena made a substantial contribution to ultimate success, is to impose too narrow a construction upon professional labors. (See *Strong* v. *Dutcher,* 186 App. Div. 307, 316; *Matter of Beha* [*Second Russian Ins. Co.*], 136 Misc. 715, 717, 718; 7 C. J. S., Attorney & Client, § 166.)

Not to be confused is the narrow situation that obtains in an action where success or the reasonable prospect thereof is the basis for counsel fees as necessaries as between husband and wife. For the infants here, the lawyers were obligated to render competent legal services, and not to guarantee results. So long as their efforts — all their efforts — resulted in benefit to the infants, their services may have been necessary and justified. In truth, no lawyer guarantees or should guarantee the success of his efforts *in toto* or in any branch thereof. There is no indication in this record that compensation was, in any manner, contingent upon result. Just as the Nevada decree, to which these infants were not parties, was not a bar against the award for the maintenance of the infants in the Domestic Relations Court, so it did not bar compensation for the services which accomplished the result.

The answer presents no triable issue. We conclude that plaintiffs are entitled to recover for their professional services in both the Supreme Court action and the Domestic Relations Court proceeding. The only question remaining to be decided is the quantum and value of the professional services.

The order denying plaintiffs' cross motion for summary judgment should be reversed and summary judgment granted. Assessment of damages will therefore be directed, at which time the official referee designated may take proof as to the *bona fides* and the necessity of the Supreme Court action in order to determine whether the compensation of counsel with respect to that action should be nominal or substantial, in addition to determining the value of the services rendered in the Domestic Relations Court proceeding.

The order denying defendant's motion for summary judgment should be affirmed.

PECK, P. J. (dissenting in part). I do not disagree in principle with the majority holding that services rendered in one action, although not crowned with success, might be such a substantial contribution to ultimate success in another forum as to be entitled to credit and compensation in measuring the value of services rendered as necessaries. But it seems to me so clear upon the record in this case that the services rendered by plaintiffs in the Supreme Court action were not a necessity that the court is not warranted in leaving to the official referee consideration of the necessity of the Supreme Court action as an item in fixing the value of plaintiffs' services.

There was never any doubt that proceedings to gain for the children a larger measure of support than that afforded by the Nevada decree could be brought in the Domestic Relations Court, in which court proceedings were ultimately successfully brought. There was no excuse, therefore, in bringing an action to try to establish a like jurisdiction in the Supreme Court, unless we accept plaintiffs' argument that it was so doubtful that the Domestic Relations Court had authority to make an award in excess of $50 a week that proceeding in that court would likely be inadequate and an effort to do better in the Supreme Court was dictated. We find no mention of such a consideration or reason, however, in the briefs on appeal in the Supreme Court action either before this court or the Court of Appeals.

We may assume that something of the kind may have been in back of counsels' mind and presume that it was mentioned in the argument before the Court of Appeals, for the Court of Appeals in its opinion did take occasion to indicate that there was no such limitation on the jurisdiction of the Domestic Relations Court as plaintiffs may have feared. Plaintiffs seem to regard that dictum as an allowable credit to them for bringing the Supreme Court action. The fact is that it was an additional reason, beside the main holding that the Supreme Court had no jurisdiction, why plaintiffs should not have brought the Supreme Court action.

In my opinion there was never any reasonable likelihood of success in the Supreme Court action or necessity or justification for proceeding in that court. Plaintiffs have made no showing that proceeding in the Supreme Court was a necessary preliminary gambit to a successful proceeding in the Domestic Relations Court.

I would modify the order appealed from to the extent of granting plaintiffs partial summary judgment and allowing them an assessment for the value of their services rendered

in the Domestic Relations Court. I would not allow them any compensation for services rendered in the Supreme Court action.

BREITEL, FRANK, VALENTE and BERGAN, JJ., concur in *Per Curiam* opinion; PECK, P. J., dissents in part, in opinion.

Order denying plaintiffs' motion for summary judgment reversed and summary judgment granted. Settle order on notice.

Order denying defendant's motion for summary judgment unanimously affirmed.