Per Curiam.

Plaintiff, a lawyer, sues to recover from defendant as a necessary the reasonable value of legal services (1) rendered to the defendant’s wife in connection with legal proceedings between the defendant and his wife involving visitation rights and habeas corpus and (2) rendered to the defendant’s issue in connection: with child neglect proceedings. The defendant appeared pro se.
As to (1), legal services rendered to a wife in defending a habeas corpus proceeding brought by her husband with respect to custody or visitation constitute a necessary for which the husband may be held liable, despite the fact that the wife may have been awarded alimony and counsel fees in a matrimonial action brought by her (see 16 N. Y. Jur., Domestic Relations, § 641).
As to (2), examination of article 10 of the Family Court Act pursuant to which the neglect proceedings were brought impels *552 the conclusion that the legal services rendered therein hy plaintiff were .on behalf of the issue of the marriage and constitute a necessary for which the defendant may be held liable (Family Ct. Act, §§ 1011,1032,1043; see 16 N. Y. Jur., Domestic Relations, §643).
However, the jury must be provided in the evidence adduced and in the court’s charge with a clear delineation of each of the elements to be considered in fixing the reasonable value of legal services — the nature .of the proceeding; the nature of the • services; the time devoid-; the result obtained; and the financial circumstances of the parties. That was not done here. With the exception of the Appellate Division proceeding, plaintiff has failed to competently prove the disposition of each of the items of litigation, by his failure to lay a foundation for secondary evidence as to same under the best evidence rule (see Matter of Diaz-Albertini, 156 N. Y. S. 2d 261, 266, affd. 2 A D 2d 671 [1st Dept., 1956]; 21 N. Y. Jur., Evidence, § 223; Mahaney v. Carr, 175 N. Y. 454, 462). The trial court’s error, in regarding the submission of documentary evidence of the disposition of the litigation as immaterial, is compounded by the admission of prejudicial testimony ns to the details of one of the neglect proceedings. These errors are high-lighted by the court’s zealous refusal to allow defendant to introduce similar immaterial and prejudicial testimony. Also, the charge to the jury is vague in the delineation of the applicable law.
Defendant’s counterclaim for “damages for loss of time from business and expenses incurred * * * for inciting needless and unfounded litigation ’ ’ was properly dismissed by the Trial Judge as a patter of law.
The judgment should be modified by directing a new trial with respect to plaintiff’s claim and, as modified, affirmed without costs.
Concur — Gold, J. P., Quinn and Lupiano, JJ.
Judgment modified, etc.