■ THOMAS FERNANDES, Respondent, v JACK RUCKER, Defendant and Third-Party Plaintiff-Appellant, et al., Defendant. JEANNETTE RUCKER, Third-Party Defendant.—In an action to recover legal fees and disbursements, the defendant Jack Rucker appeals from a judgment of the Supreme Court, Nassau County (O'Brien, J.), entered June 22, 1990, which is in favor of the plaintiff and against him in the sum of $13,972.75.

Ordered that the judgment is affirmed, with costs.

On July 16, 1982 Jeannette Rucker, named as a defendant herein but not served with process, retained the plaintiff to represent her "in a civil action [for] divorce [and] support". Initially, she sought support in a Family Court proceeding, but in 1983 she became the defendant in a divorce action commenced by her husband, the appellant. The appellant's action was dismissed for failure to state a cause of action. In 1984 he began a second divorce action, and the plaintiff again represented Mrs. Rucker. While the second divorce action was pending, the appellant moved to compel the sale of the marital residence. Through the efforts of the plaintiff, Mrs. Rucker successfully cross-moved to dismiss that application and for an interim award of counsel fees.

By order dated February 25, 1986, the Supreme Court appointed a guardian ad litem for Mrs. Rucker, after concluding that she was unable to manage her own affairs. Mrs. Rucker was hospitalized in Kings Park Psychiatric Center sometime in 1987, and, apparently, remains there. On March 31, 1987, the court marked the appellant's second divorce action off the calendar after 10 adjournments on his behalf. The case ultimately was dismissed for failure to prosecute (see, CPLR 3404).

After another motion for interim counsel fees failed to yield any additional award because the second divorce action had been dismissed, the plaintiff commenced the instant plenary suit. The appellant answered and commenced a third-party action against Mrs. Rucker, seeking indemnification or contribution if he were held liable for the fees sought in the main action. By order dated February 13, 1990, the Supreme Court (O'Brien, J.), dismissed the third-party action against Mrs. Rucker and denied as academic the appellant's motion for the renewed appointment of a guardian ad litem. The court also directed an assessment of damages. After an assessment of damages, the plaintiff was awarded $13,972.75.

We affirm. The legal services that were furnished here were "necessaries" (see, Elder v Rosenwasser, 238 NY 427; Sassower v Barone, 85 AD2d 81). The doctrine of "necessaries" is still the law in this State (Lichtman v Grossbard, 73 NY2d 792, 795). We reject appellant's argument that there was no proof that the plaintiff had been hired on the appellant's credit (see generally, 47 NY Jur 2d, Domestic Relations, § 667). By statute, in a case such as this one, an attorney can look to the client's spouse for his or her fees (Domestic Relations Law

§ 237). Here the plaintiff initially made an application for interim counsel fees. Indeed, payment was made by the appellant when an interim award was granted. Thus, although fees are sought here in a plenary action, it is clear that the attorney would have been entitled, and did in fact begin, to pursue his collection effort against the appellant under the statute. He abandoned this route because the underlying action was dismissed for the appellant's failure to prosecute. Under these circumstances the appellant may not now claim that his wife's attorney had failed to prove that he was entitled to collect under the doctrine of "necessaries". The attorney's ability to have his claim reviewed by the court during the pendency of a matrimonial action was ended for reasons beyond his control (see, Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C237:9, at 522-523, citing *Sassower v Barone, supra*). Indeed, we observe that in the context of a matrimonial action, it is unrealistic to ask an attorney suing for his fee in a plenary action to prove that at the time the retainer agreement was entered into, he or she specifically agreed to furnish legal services on the credit of the adverse spouse, when the respective financial positions of the parties can then be unclear and often is itself the subject of contest (*cf.,* Domestic Relations Law § 236 [B] [4]).

We have reviewed the appellant's remaining contentions and find them to be without merit. Sullivan, J. P., Harwood, Ritter and Copertino, JJ., concur.