■ ALTER & ALTER, Respondent, v JULIE FRIEDMAN et al., Defendants, and STEVEN FRIEDMAN, Appellant. [620 NYS2d 45] —Order and judgment, Supreme Court, New York County (Joan Lobis, J.), both entered December 22, 1993, granting summary judgment as against defendant Steven Friedman, and awarding plaintiff a total of $88,076.65, unanimously affirmed, with costs.

This plenary action for attorneys' fees was brought in connection with services rendered by plaintiff Alter & Alter to Julie Friedman ("Wife"), pursuant to a written retainer agreement. After execution of the retainer agreement, and during the pendency of divorce and custody proceedings, a neglect petition initiated by Steven Friedman ("Husband"), pursuant to Family Court Act article 10 was filed alleging that Wife had neglected her infant child. Eighteen months later, after lengthy investigation, 33 days of trial, numerous witnesses, including the parents, grandparents and experts, the neglect petition was dismissed without a finding of neglect with respect to either parent, although Family Court noted the evidence that pointed strongly to the fact that the proceeding was a ploy by the father to restrict the mother's access to the child. Family Court declined to award fees to Wife's counsel because it found no authority to do so pursuant to article 10 of the Family Court Act, but allowed counsel to withdraw due to Wife's failure to pay fees pursuant to the retainer agreement. This action was brought against Wife, her mother, who had guaranteed Wife's liability for any sums due pursuant to the retainer agreement, and Husband, alleging his liability to

plaintiff for its fees as necessaries. Following referral to a Special Referee for determination of the reasonable value of services rendered to Wife, in toto, and determination of that part of the amount attributable to the neglect proceeding, Husband stipulated to the amount of $69,139.31 as reasonable, and that the services had been performed pursuant to the written retainer agreement. The IAS Court granted summary judgment against Wife for the entire amount, against the guarantor for a sum slightly less than the entire amount and against Husband for the amount attributable solely to the neglect proceeding.

We agree that the legal services provided in the neglect proceeding constituted necessaries (Kahn v Ronson, 72 Misc 2d 551). Husband had stipulated to the reasonableness of the fees and that the services had been provided by plaintiff, and the inability of Wife to pay the fees, as well as Husband's ability to pay were established (Medical Bus. Assocs. v Steiner, 183 AD2d 86; Our Lady of Lourdes Mem. Hosp. v Frey, 183 AD2d 994). No material issues of fact remain with respect to plaintiff's entitlement to payment for rendition of necessary services to Wife and the IAS Court properly granted summary judgment (see, Zuckerman v City of New York, 49 NY2d 557; Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395).

We have considered appellant's other contentions and find them without merit. Concur—Ellerin, J. P., Kupferman, Rubin and Nardelli, JJ.