*930 OPINION OF THE COURT
David B. Saxe, J.
In this action commenced by plaintiff wife to recover counsel fees incurred in an adoption proceeding, defendant husband moves for an order pursuant to CPLR 3211 (a) (5) dismissing the complaint upon the grounds that plaintiff has elected her remedy in a prior divorce action and is therefore barred from bringing this cause of action.
The issue here is whether plaintiff is entitled to reimbursement of legal fees incurred in an adoption proceeding as necessaries where she had been awarded pendente lite relief for herself and her adoptive children in a pending matrimonial action.
Plaintiff and defendant were married, for the second time, on August 30, 1983. Over the next few years, they made various attempts to adopt a child. In early 1988, the parties obtained Baby Boy C., an abandoned child, from a child care agency in the Philippines, and defendant executed a petition to the United States Department of Justice to classify the child as an immediate relative, in which defendant certified that he would "care for the beneficiary of this petition properly if the beneficiary is admitted to the United States.”
During the same time frame that the parties were obtaining custody of Baby Boy C., the parties were advised of a pregnant woman in Philadelphia, Pennsylvania, who wished to place her baby for adoption at birth. The woman gave birth to Baby Girl O. in May 1988, the defendant paid for the woman’s birth expenses, and one month later, plaintiff brought Baby Girl O. back to New York City.
In November 1988, plaintiff and defendant executed joint petitions, agreements of adoption, and other requisite documents, for Baby Boy C. and Baby Girl O. in the Surrogate’s Court, New York County. Each agreement of adoption stated: "The undersigned * * * hereby agree to adopt the above-named adoptive child and to treat said child in all respects as their own lawful child and to extend and assure to said child all the rights, benefits and privileges incident to such relationship, and to incur and fulfill all the responsibilities of parentis) with respect to said child.”
Approximately one month later, the parties became estranged. During the ensuing months, the remaining statutory requirements of stage one of the adoptions of the two children were fulfilled, however, defendant failed to appear before the *931 Surrogate in order to finalize the adoptions pursuant to Domestic Relations Law § 115 (3).
On April 18, 1989, plaintiff retained her present counsel to represent her in connection with finalizing the adoptions of Baby Boy C. and Baby Girl O. On May 30, 1989, plaintiff moved for an order dispensing with defendant’s appearance in Surrogate’s Court pursuant to what was then Domestic Relations Law § 115 (8), and dispensing with the court’s examination of defendant, the adoptive father. Plaintiff further moved to confirm defendant’s petitions and agreements for adoption and for an order granting the adoptions in the best interests of the children.
In response to the motion, defendant stated he was unwilling to adopt the children, and in October 1989, he commenced a divorce action against plaintiff in Supreme Court, New York County, which action is currently pending. In April 1990, defendant opposed plaintiff’s motion for temporary support of Baby Boy C. and Baby Girl O. upon the ground that there was no basis for liability. By decision dated October 10, 1990, the court denied any support for Baby Girl O., and awarded plaintiff, inter alla, interim counsel fees in the amount of $75,000 pursuant to Domestic Relations Law § 237 (pendente lite order). On appeal to the Appellate Division, First Department, of the award of temporary support for Baby Boy C. in the divorce action, defendant again argued that there was no basis for holding him liable for support of the child. The First Department affirmed the pendente lite order, with the modification that the support payments should be increased to account for Baby Girl O. Plaintiff’s counsel moved twice more for counsel fees, and was awarded $75,000 each time by the court, for a total of $225,000.
At about the same time, in November 1990, defendant moved in the Surrogate’s Court to revoke his agreements of adoption and discontinue the adoption proceedings in connection with himself.
After a trial, the Surrogate’s Court dismissed the joint adoption petitions without prejudice to the right of plaintiff to commence an adoption proceeding in the future.
The court noted, among other things, that most likely prejudice would result to the children if defendant revoked his consents and agreements of adoption since under Domestic Relations Law § 110, in effect at the time, a married person could only adopt children independently of his or her spouse if *932 she or he were living separate and apart from his or her spouse pursuant to a judgment of separation or a formally executed separation agreement. Since the parties had no separation agreement or judgment of separation, the children’s permanent status as legal children of plaintiff was jeopardized (Matter of Baby Boy C., 153 Misc 2d 916, 922).
However, the Surrogate’s Court dismissed the adoption petitions on the ground that "adoption is solely a creature of statute * * * and there is no statute which enables this court to direct specific performance of an adoption agreement.” (153 Misc 2d, at 925, supra.)
After appeal to the Appellate Division, First Department, on April 15, 1993, the Court affirmed the Surrogate’s findings of fact, but unanimously reversed the order of the Surrogate’s Court on the law and directed that the petitions for the adoptions jointly by defendant and plaintiff be granted. (Matter of Baby Boy C., 189 AD2d 382.)
On defendant’s appeal from the above decision, the Court of Appeals reversed the order of the Appellate Division and reinstated the order of the Surrogate’s Court, although on different reasoning. The Court found that specific statutory authorization was not necessary before an adoption court could override an adoptive parent’s revocation of consent and attempt to discontinue the adoption proceeding, especially where prejudice or injustice to another would result. It noted, however, that the court should exercise this power only in exceptional circumstances where the "child’s interest would be severely and unavoidably prejudiced as a result of being deprived of status as the legal child of the adoptive parent.” (Matter of Baby Boy C., 84 NY2d 91, 100.)
The court concluded that this case did not meet the "exceptional circumstances” test (84 NY2d, at 102, supra) that would require the drastic measure of imposing a legal adoption of the children upon the defendant since the children’s lack of permanent status and financial prejudice could be remedied by plaintiff’s adoption of the children herself and by "[providing] for their economic security by imposing financial obligations upon [defendant]” (84 NY2d, at 103, supra) in the parties’ pending divorce action or in a plenary action under the equitable doctrines of equitable estoppel and equitable adoption. The court notes that Domestic Relations Law § 110 was amended by Laws of 1991 (ch 254), after the completion of the trial in the adoption proceedings, and now permits a married *933 person who has been living separate and apart from his/her spouse for three years to adopt a child without a simultaneous adoption by the spouse. The adoption of the children by plaintiff has now been finalized.
Defendant argues, inter alla, that plaintiff is not entitled to recover her counsel fees under either the adoption statutes of Domestic Relations Law § 237, and having elected to pursue her statutory remedy of pendente lite relief pursuant to Domestic Relations Law § 237 to obtain temporary maintenance, support and counsel fees, she is barred from bringing a separate common-law action for necessaries.
Plaintiff argues that the legal services and disbursements rendered to her by her counsel constitute necessaries, since the proceedings were necessary to protect the rights of the children and herself after defendant took affirmative action challenging the basis for his liability to support the children, and that the pendente lite order in the matrimonial action does not bar this suit to recover the value of legal services rendered in the adoption proceedings.
Long-standing common law holds that legal services rendered for a wife or child are considered "necessaries” for which a husband or father may be held liable (see, Elder v Rosenwasser, 238 NY 427; Friou v Gentes, 11 AD2d 124; Gutterman v Langerman, 2 AD2d 63; Cohen v Kosch, 196 Misc 1057). However, it is the general rule that "where the court has fixed the amount of alimony to be paid to a wife for her support, the husband’s liability therefor is confined to the amount of the award.” (Friou v Gentes, 11 AD2d, at 126, supra; see, Dravecka v Richard, 267 NY 180, 182; Conyngham v Conyngham, 57 AD2d 825; Berkowitz v Berkowitz, 49 AD2d 872.) In Dravecka v Richard (267 NY 180, supra), during the course of a divorce action and after an award to the wife of pendente lite support and counsel fees, the husband brought a habeas corpus proceeding. The Court denied the claim of the wife’s attorneys against the husband for legal fees, holding that the wife had elected her remedy regarding her entitlement to support, and the amount fixed by the court was the full " 'measure of her rights and of her husband’s obligations.’ ” (Dravecka v Richard, supra, at 183.) Importantly, the Court remarked that the word "support” means the supply of necessaries, not limited to food, clothing, and a habitation.
*934 However, the courts have recognized exceptions to the general rule. For instance, legal fees have been granted as necessaries where the defendant takes affirmative action to change the matrimonial judgment (Gyory v Schaffer, 80 AD2d 871; Friou v Gentes, supra; Fox v Fox, 263 NY 68), or fails to obey the judgment (Goldberg v Keller, 236 App Div 541), or otherwise disregards the judgment (Cohen v Kosch, supra), or where a separation agreement itself is challenged due to fraud or unconscionability (Goldman v Goldman, 132 Misc 2d 870, affd 124 AD2d 1079), or where the plaintiff takes affirmative action against the defendant to obtain relief not barred by a foreign judgment (Gutterman v Langerman, 2 AD2d 63, supra).
All of the foregoing exceptions are for legal actions taken after final judgment; in contrast, in Merrick there has been no final judgment or divorce, or challenge to a judgment or agreement.
No established exception is on all fours with this situation. Therefore, the theoretical underpinnings of both the rule and the exceptions should be examined in order to determine which is applicable here.
The rule enunciated in Dravecka v Richard (267 NY 180, supra) and Turner v Woolworth (221 NY 425) is founded upon the reasoning that the husband’s common-law obligation to provide his wife and children with necessaries — that is, with all aspects of support — has already been raised and adjudicated by an application and determination of support in the context of a matrimonial action. The election of remedies theory applied is similar to one of res judicata — i.e., that the issue was already raised and decided (see, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3211:35, at 51). "The manifest purpose of this election of remedies doctrine is to prevent a double recovery and a double harassment of the husband by his wife and her counsel.” (Scheinkman, Practice Commentary, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law C237:9, at 523.)
In contrast, despite the existence of an ongoing permanent support award contained in a divorce judgment, by the exceptions discussed above our courts permit further claims for necessaries after a support award. In examining those cases it is clear that the permitted claims for necessaries for legal fees involve new and separate legal expenditures, particularly those made for the benefit of the children, not related to the issues of the matrimonial action and not contemplated in the relief initially sought or the judgment issued.
*935 The counsel fees awarded by this court under Domestic Relations Law § 237 could not have included fees incurred in the Surrogate’s Court.
Nor could the nature and extent of the legal fees accrued in the Surrogate’s Court and on appeal therefrom have been contemplated when the pendente lite support award was sought and issued. Only after the pendente lite order did Mr. Merrick take action in the adoption proceedings, seeking to revoke his agreements to adopt the children and to discontinue the adoption proceedings.
The years of legal proceedings which followed in the adoption matter were initiated by Mrs. Merrick in the interest of and for the benefit of the children, whose legal status and right to support remained unresolved until the adoption by Mrs. Merrick alone could be finalized following the Court of Appeals ruling in their Surrogate’s Court case.
The legal services upon which the present action is based are properly viewed as services rendered to Mrs. Merrick separate and distinct from the services for which he was required to pay in this court’s pendente lite support orders. Therefore, I conclude that it would be inappropriate to apply the rule of Dravecka v Richard (supra) to this claim for necessaries, and that rather, the reasoning underlying the exceptions to that rule is applicable in the present circumstances.
Accordingly, defendant’s motion to dismiss the complaint is denied.