■ ETAN MERRICK, Respondent, v DAVID MERRICK, Appellant. [639 NYS2d 818]

In holding that defendant cannot be forced to proceed with the adoptions of the two children that he had previously agreed to adopt before the parties separated, the Court of Appeals also stated that "remedies are available to [plaintiff] and the children to take the children out of legal limbo and legitimize

their parent-child relationship, and also to provide for their economic security by imposing financial obligations upon [defendant]" (*Matter of Baby Boy C.*, 84 NY2d 91, 103). Clearly, the Court of Appeals contemplated that defendant would be required to assist in the children's support regardless of his refusal to adopt them, including any legal services necessitated by such refusal. Prior temporary support and interim counsel fees awarded in the parties' matrimonial action were made before defendant revoked his agreements of adoption, could not have contemplated a need for the type of legal services for which recovery is now sought, and therefore should not be viewed as the limit of defendant's liability for necessary legal services rendered to plaintiff (*see, Friou v Gentes*, 11 AD2d 124, 127, distinguishing *Dravecka v Richard*, 267 NY 180). We have considered defendant's remaining arguments and find them to be without merit. Concur—Murphy, P. J., Rubin, Ross and Tom, JJ.