■ MILDRED JORDAN, Plaintiff, v ALEXANDER B. JORDAN, Appellant, and JOHN H. RUBIN, Respondent. [640 NYS2d 762] —In an action for a divorce and ancillary relief, the defendant appeals from so much of an order of the Supreme Court, Westchester County (Ingrassia, J.), dated October 26, 1995, as, upon denying the motion by the plaintiff's attorney for counsel fees, granted the plaintiff's attorney leave to renew in a separate action against the defendant.

Ordered that the order is affirmed insofar as appealed from, with costs.

In this action the plaintiff wife was granted permission to proceed as a poor person and was assigned counsel who was to represent her without compensation but "without prejudice to [a] motion by counsel for compensation pursuant to CPLR 1102 (d), Domestic Relations Law § 237, or as otherwise provided by law". Prior to the matter being placed on the trial calendar, the plaintiff's attorney twice sought interim counsel fees from the defendant; however, the court denied the application each time with leave to renew at trial. On December 21, 1993, the matter was marked "settled before trial", although the parties had not yet entered into a stipulation of settlement. On January 27, 1994, the plaintiff died before any stipulation had been executed or judgment of divorce had been granted. Approximately eight months later, the plaintiff's attorney brought a motion for counsel fees which was denied by the court with leave to renew in a separate action.

The Supreme Court properly determined that counsel could pursue his request for fees in a separate action against the defendant since the legal services furnished to the plaintiff were "necessaries" for which the defendant may be held responsible (*see, Elder v Rosenwasser,* 238 NY 427; *Fernandes v Rucker,* 186 AD2d 171). Counsel's "ability to have his claim [for legal fees] reviewed by the court during the pendency of a matrimonial action was ended for reasons beyond his control" (*Fernandes v Rucker, supra,* at 172-173). Sullivan, J. P., Copertino, Pizzuto and Florio, JJ., concur.