■ In the Matter of HERBERT HOFMANN, a Person Alleged to be Incapacitated. CHARYN D. POWERS, as Court-Appointed Guardian, Respondent; GENEVIEVE PIGNARRE, Also Known as GENEVIEVE PIGNARRE HOFMANN, Appellant. [823 NYS2d 397]—

Order, Supreme Court, New York County (William J. Davis, J.), entered on or about September 26, 2005, denying appellant's motion to authorize respondent guardian to pay fees to appellant's counsel and expert in the underlying matrimonial litigation, unanimously modified, on the law, the facts and in the exercise of discretion, to grant the motion insofar as to direct respondent to reapply to the trustee(s) of the incapacitated person's trust for payment, and in so doing to indicate that the counsel fees sought are necessaries of the incapacitated person, and otherwise affirmed, without costs.

Appellant's legal fees in the underlying litigation are properly viewed as necessaries of her then husband (*see Elder v Rosenwasser*, 238 NY 427 [1924]; *Alter & Alter v Friedman*, 210 AD2d 105 [1994]), the subject incapacitated person. If respondent advises the trustee(s) that, contrary to their initial assumption, the counsel fees awarded by the matrimonial court are necessaries of the trust beneficiary, the incapacitated person, there would seem no principled ground upon which the trustees' objection to the payment of such fees might be sustained. Although the trust and trustee(s) are located in Gibraltar and may be beyond our jurisdiction, respondent is not. It is pertinent to note as well that there are also within this jurisdiction substantial nontrust assets of the incapacitated person.

The parties' other arguments are not properly before us inasmuch as they seek relief from unappealed orders; the paper appealed is not a final judgment and does not bring up for review the prior orders the parties would have us consider. Concur—Buckley, P.J., Tom, Mazzarelli, Saxe and McGuire, JJ.