■ DANIELLE WANSI, Respondent, v EMMANUEL WANSI, Appellant. [897 NYS2d 96]—

Judgment of divorce, Supreme Court, Bronx County (Ellen Gesmer, J.), entered January 12, 2009, to the extent appealed from as limited by the briefs, determining equitable distribution and denying defendant's applications for continued temporary maintenance and attorney's fees, unanimously affirmed, without costs.

The court improperly rejected the Special Referee's findings that defendant was the sole support of the parties for a few years after they married and that his company owed more than $70,000 in debt, since these findings are supported by the record (*see Poster v Poster*, 4 AD3d 145, 145 [2004], *lv denied* 3 NY3d 605 [2004]). However, the court properly rejected the Referee's findings that defendant could not work because of depression and other medical conditions, that he was the "prime enabler" in plaintiff's becoming employed as a librarian, and that his future financial circumstances were less advantageous than hers, since these findings are not supported by the record (*see id.*).

Based on the foregoing, the court properly rejected the Referee's recommendation that plaintiff be directed to continue to pay temporary maintenance to defendant until the three-

family residence is sold. Although defendant was unemployed at the time of the trial, the court properly determined that, given his skills and experience, he is capable of working and earning a salary sufficient for his own support (*see Naimollah v De Ugarte*, 18 AD3d 268, 271 [2005]). Defendant failed to substantiate through expert testimony his claim that health conditions prevent him from working. While, contrary to plaintiff's contention, defendant requested before the Referee and the court that plaintiff continue to pay for his health benefits, the court properly determined that that also was not warranted (*cf. Pickard v Pickard*, 33 AD3d 202, 205 [2006], *appeal dismissed* 7 NY3d 897 [2006] [directing defendant to pay for health insurance of plaintiff, given the latter's "bleak work prospects"]).

The court properly modified the Referee's recommendation that defendant receive 30% of the value of the three-family residence deeded to plaintiff to reduce his award to 15% of the value. Defendant having made little, if any, contribution to the marital asset, the court was not required to divide the asset equally (*see Arvantides v Arvantides*, 64 NY2d 1033 [1985]; *Naimollah*, 18 AD3d at 269).

The court properly accepted the Referee's recommendation that plaintiff not be required to pay defendant's attorney's fees. Although appointed counsel in a matrimonial case may seek attorney's fees from the other spouse (*see* Domestic Relations Law § 237 [a]; *Matter of Smiley*, 36 NY2d 433, 440 [1975]; *Jordan v Jordan*, 226 AD2d 349 [1996]), and although plaintiff's assets are greater than defendant's, the court properly considered defendant's failure to present evidence at the grounds trial to support his counterclaims for a divorce (*see DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]). Concur—Mazzarelli, J.P., Sweeny, Nardelli, Acosta and Manzanet-Daniels, JJ.