■ Jones, LLP, Formerly Known as Jones Garneau, LLP, Appellant, v Sheila Sitomer, Respondent. [32 NYS3d 245]—

In an action to recover an attorney's fee, the plaintiff appeals from an order of the Supreme Court, Westchester County (Bellantoni, J.), dated January 2, 2014, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Beginning in September 2008, the plaintiff represented

Daniel Sitomer (hereinafter the husband) in a matrimonial action commenced by his wife, Sheila Sitomer (hereinafter the defendant), pursuant to a retainer agreement dated September 15, 2008. The retainer agreement stated that the plaintiff would provide the husband with an itemized statement of charges every 60 days, and in the event that he discharged the plaintiff, or the plaintiff was relieved, the plaintiff reserved the right to seek to have a charging lien fixed "on the proceeds realized by you from the litigation."

In January 2009, the plaintiff moved pursuant to CPLR 1201 and 1202 to have a guardian ad litem appointed for the husband on the ground that "he had proven to be incapable to assist us so as to adequately defend his rights in [the] matter." The husband hired another attorney to oppose that application and paid that attorney over $32,000 in legal fees, and sought to discharge the plaintiff as his attorney. On June 5, 2009, the court relieved the plaintiff as counsel for the husband, at the husband's request.

The plaintiff moved to fix its attorneys' fees, and the husband opposed the motion on the ground that the plaintiff never provided him with periodic invoices every 60 days pursuant to their retainer agreement. Nevertheless, on August 24, 2010, the plaintiff and the husband entered into a so-ordered stipulation, fixing the husband's obligation for legal fees at the sum of $100,000, to be satisfied by a charging lien on "any and all equitable distribution proceeds" following satisfaction of the first $50,000 of a charging lien in favor of the husband's former attorney. The stipulation provided that in the event that the plaintiff provided no further services to the husband, the "charging lien shall serve in full satisfaction for all the [plaintiff's] claims for fees and services."

In September 2010, the husband died, and the divorce action abated. Therefore, there were no equitable distribution proceeds to satisfy the plaintiff's charging lien. In May 2011, the plaintiff commenced the instant action against the defendant, seeking to recover $100,000 in legal fees under a theory of common-law necessaries.

The defendant moved for summary judgment dismissing the complaint. In the order appealed from, the motion was granted, on the ground, inter alia, that the husband "was not unable, but simply unwilling to satisfy his debt to plaintiff."

Contrary to the plaintiff's contention, the Supreme Court did not err in considering the motion on the merits despite the defendant's failure to submit a copy of the pleadings with her moving papers as required by CPLR 3212 (b), since the defend-

ant rectified her error by submitting a copy of the pleadings with her reply papers (*see Barnaba-Hohm v St. Joseph's Hosp. Health Ctr.*, 130 AD3d 1482, 1483 [2015]; *Avalon Gardens Rehabilitation & Health Care Ctr., LLC v Morsello*, 97 AD3d 611, 612 [2012]; *Dale v Gentry*, 66 AD3d 1469, 1469 [2009]).

Under the common-law doctrine of necessaries, a spouse who receives necessary goods or services is primarily liable for payment. A creditor seeking to recover a debt against the nondebtor spouse must demonstrate that the primary debtor was unable to satisfy the debt out of his or her own resources, that necessaries were furnished on the nondebtor spouse's credit, and that the nondebtor spouse has the ability to satisfy the debt (*see Gilberg v Lennon*, 212 AD2d 662, 663 [1995]; *Medical Bus. Assoc. v Steiner*, 183 AD2d 86 [1992]). Legal services provided to a spouse in a matrimonial action have been considered necessaries (*see Jordan v Jordan*, 226 AD2d 349, 349 [1996]; *D'Agostino v Genovese*, 190 AD2d 773, 774 [1993]; *Fernandes v Rucker*, 186 AD2d 171, 172 [1992]).

Here, the defendant established that the plaintiff's services were not furnished on her credit. Rather, the services were furnished in the expectation of "the proceeds" of the litigation, specifically articulated in the charging lien. Since the action abated, there were no proceeds of the litigation. Further, it is clear from this record that, although the husband may have had sufficient resources to pay the plaintiff, which included marital assets appropriated by him and court-ordered spousal support, he was unwilling to voluntarily pay the plaintiff, owing to their adversarial relationship.

In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the defendant's motion for summary judgment dismissing the complaint was properly granted. Leventhal, J.P., Hall, Hinds-Radix and LaSalle, JJ., concur.