OPINION OF THE COURT
Robert E. Pipía, J.
This action was commenced by the plaintiff, attorney Ira Bierman, to recover $9,488.99 plus interest from the defendant, Dennis Melandro, for legal services rendered to the defendant’s wife in a plenary action in Supreme Court to set aside two postnuptial agreements between the defendant and Shivana Melandro, plaintiff’s client. The parties have submitted to the court a stipulation of agreed facts along with written legal arguments.
The relief sought is based on a rarely used legal theory: the common-law doctrine of necessaries.
The underlying procedural history in Supreme Court between the plaintiff, the defendant and Shivana Melandro is critical to the determination of the action at bar and is summarized as follows:
The plaintiff represents Shivana Melandro in a pending matrimonial action for a divorce in Supreme Court, Nassau County, which was commenced on January 28, 2013. However, later that year a separate plenary action was commenced to set aside two postnuptial agreements which limited the financial entitlements of Shivana Melandro. The plaintiff represented Shivana Melandro in said plenary action, and on July 30, 2014, the postnuptial agreements were declared void and unenforceable by the Honorable Edward A. Marón. Subsequently, on December 3, 2014, plaintiff moved before Justice Marón, pursuant to Domestic Relations Law § 237, for an award of reasonable counsel fees against Dennis Melandro for his representation of Shivana Melandro in the plenary action. On March 16, 2015, Justice Marón denied the motion, reasoning that the plenary action was not a matrimonial action and therefore attorney’s fees could not be awarded under Domestic Relations Law § 237. Justice Marón also did not award, in the context of a pendente lite support order in the matrimonial action, reasonable counsel fees to Shivana Melandro for the costs incurred in setting aside the postnuptial agreements. Neither Shivana Melandro nor the *280 defendant appealed or reargued Justice Maron’s orders voiding the two postnuptial agreements and denying an award of counsel fees to Shivana Melandro.
Thereafter, the plaintiff resorted to the commencement of the action at bar in District Court.
In opposition to the relief sought by the plaintiff, the defendant proffers two arguments in support of his contention that there is no legal basis upon which this court can award the plaintiff’s counsel fees: (1) that the common-law doctrine of necessaries only applies to legal services in matrimonial actions and does not allow recovery for legal services in a plenary action, and (2) since Shivana Melandro has and continues to receive support from the defendant pursuant to orders issued in the matrimonial action, the matrimonial court’s fixation of support and fees is the measure of the defendant husband’s obligation.
The modern view of the common-law doctrine of necessaries is that a spouse may be required to support a non-monied spouse “in conformity with [the monied spouse’s] means, and to provide the [non-monied spouse] with such necessaries as food, clothing, shelter, and medical care” (Medical Bus. Assoc. v Steiner, 183 AD2d 86, 87 [1992] [internal quotation marks omitted]). A monied spouse pursuant to this principle is “thus liable to third parties who furnish [the non-monied spouse] with goods or services which fall within the scope of the rule” (.Medical Bus. Assoc, v Steiner at 87).
Legal fees incurred by a non-monied spouse have long been construed by the Court of Appeals and other courts to also be deemed necessaries. Usually, those legal fees have been incurred in a lawsuit which was distinct from the matrimonial action. In the Court of Appeals case of Elder v Rosenwasser (238 NY 427 [1924]), the plaintiff provided legal representation to the defendant’s spouse in both civil and criminal matters which were separate from the pending matrimonial action. The Court of Appeals held that these separate legal services were necessaries and consequently “the husband [is required] to pay a reasonable lawyer’s bill for services in protecting his wife” (Elder v Rosenwasser, 238 NY 427, 429-430 [1924]). Fees incurred by the non-monied spouse in a matrimonial or family court proceeding may also be recovered as necessaries:
“traditionally, legal services rendered to a wife, including those rendered in matrimonial proceedings, have been considered necessaries, and her *281 counsel has a common-law right to bring a plenary action against the husband for the reasonable value thereof (Goldberg v Keller, 236 App Div 541; Horn v Schmalholz, 150 App Div 333; Schwartz v Aberbach, 66 Misc 2d 246)” (Sassower v Barone, 85 AD2d 81, 86 [1982]; see also Jones, LLP v Sitomer 139 AD3d 805, 807 [2016]; Jordan v Jordan, 226 AD2d 349 [1996]; Fernandes v Rucker, 186 AD2d 171, 172 [1992]).
However, a spouse is relieved of the common-law duty to supply the other spouse with necessaries during the pendency of a support order since the order fixes the amount of liability for support (Golin v Cassese, 197 AD2d 608 [1993]). This principle is based on the rule enunciated in the 1935 Court of Appeals case of Dravecka v Richard (267 NY 180 [1935]), which held that if a spouse moved for an order of support and counsel fees during the pendency of a matrimonial action, that court’s fixation of support and fees is the measure of the monied spouse’s (i.e. husband’s) obligation.
In Merrick v Merrick (163 Misc 2d 929 [Sup Ct, NY County 1995], affd 225 AD2d 491 [1st Dept 1996]), the trial court awarded legal fees to be paid by the defendant, as necessaries, for the representation of his wife in a Surrogate’s Court’s adoption proceeding involving the parties. The court deemed the representation separate and distinct from the support and counsel fees which the defendant was required to pay pursuant to the pendente lite support orders issued by the matrimonial court. The Merrick trial court reasoned that the action to recover said fees did not violate the election of remedies doctrine, to prevent a double recovery, which was the foundation of the rule in Dravecka v Richard, since the non-matrimonial nature of the Surrogate’s Court representation were not issues raised and decided in the issuance of the pendente lite orders. The court further explained that because the non-matrimonial legal fees could not be awarded under Domestic Relations Law § 237, that said legal fees could not have been included in the pendente lite orders. The Merrick trial court concluded that it should not apply the rule in Dravecka and instead awarded said fees under the common-law doctrine of necessaries.
Similarly, the rule in Dravecka does not apply to the plaintiff in this action because the defendant’s possible obligation to pay support and legal fees had not been fixed by a pendente lite order that would limit the plaintiff from making this claim *282 for necessaries. At the time that Justice Marón ruled, after voiding the postnuptial agreements, that the legal fees sought by the plaintiff were non-matrimonial in nature, no legal fees had yet been considered or addressed by the Supreme Court, nor were terms of support fixed. This was evident by the subsequent modification of the original pendente lite order and its silence on the issue of legal fees. In fact, legal fees in the pending underlying matrimonial action were not considered or awarded to the plaintiff until months after the issuance of the modification to the original pendente lite order. Therefore, since counsel fees, nor terms of support in this pending divorce action, had yet to be fixed by a pendente lite order and the subject legal services were deemed by the matrimonial court as non-matrimonial and not eligible under Domestic Relations Law § 237, the rule in Dravecka does not apply against this properly brought case for necessaries.
To prevail on a monetary claim pursuant to the common-law doctrine of necessaries the plaintiff must prove that “necessaries were furnished on the nondebtor spouse’s credit, and that the nondebtor spouse has the ability to satisfy the debt” (Medical Bus. Assoc. v Steiner, 183 AD2d 86, 87 [1992]; see Our Lady of Lourdes Mem. Hosp. v Frey, 183 AD2d 994 [1992]). The plaintiff has met his burden of proof because it is clear through the stipulated evidence that the plaintiff and the defendant knew, and understood (1) that plaintiff’s client, Shivana Me-landro, defendant’s wife, did not have the resources or income to pay his fee to represent her in the critical plenary action to void the postnuptial agreements, and (2) that the defendant was the monied spouse and plaintiff relied on the defendant’s credit, income, and resources as payment of fees for said representation of his client. Moreover, the legal services provided by the plaintiff in the plenary action were intended to benefit Shivana Melandro personally, were necessary to protect her legal rights and constitute necessaries (Matter of Hofmann, 34 AD3d 243, 244 [2006]; Jordan v Jordan; Merrick v Merrick, 225 AD2d 491, 492 [1996]; Alter & Alter v Friedman, 210 AD2d 105, 106 [1994]; Medical Bus. Assoc. v Steiner).
It is well settled that the determination of what constitutes a reasonable attorney’s fee is a matter within the sound discretion of the court (RMP Capital Corp. v Victory Jet, LLC, 139 AD3d 836, 839-840 [2016]). In determining the amount of that fee, the court must consider these factors:
*283 “(1) the time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented; (2) the lawyer’s experience, ability, and reputation; (3) the amount involved and benefit resulting to the client from the services; (4) the customary fee charged for similar services; (5) the contingency or certainty of compensation; (6) the results obtained; and (7) the responsibility involved” (RMP Capital Corp. v Victory Jet, LLC at 839; see Matter of Freeman, 34 NY2d 1, 9 [1974]; Matter of Potts, 213 App Div 59, 62 [1925], affd 241 NY 593 [1925]).
Applying these factors to the amount sought by the plaintiff, the court finds that the plaintiff’s fee is reasonable in view of the favorable decision the plaintiff obtained for his client on an issue that is difficult and not generally granted, the many years of experience plaintiff has in specializing in matrimonial law, and the fact that his hourly rate for the work he performed is at the prevailing rate for matrimonial legal services provided in a Nassau County legal community (RMP Capital Corp. v Victory Jet, LLC at 840).
Accordingly, judgment is rendered for the plaintiff in the amount of $9,488.99 together with interest, costs, and disbursements.