Cohen Goldstein, LLP v Schlachet (2021 NY Slip Op 06751)





Cohen Goldstein, LLP v Schlachet


2021 NY Slip Op 06751


Decided on December 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 02, 2021

Before: Webber, J.P., Friedman, Oing, Shulman, Pitt, JJ. 


Index No. 652380/20 Appeal No. 14736 Case No. 2021-02349 

[*1]Cohen Goldstein, LLP, Plaintiff-Appellant,
v
David Schlachet, Defendant-Respondent.


Cohen Goldstein, LLP, New York (Glenn S. Goldstein of counsel), for appellant.
Andruzzi & Law, Bethpage (Joseph C. Andruzzi of counsel), for respondent.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered June 10, 2021, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on its second and third causes of action and granted defendant's cross motion to dismiss the first through fourth causes of action pursuant to CPLR 3211(a)(1) and (7), unanimously modified, on the law, to deny the cross motion as to the fourth cause of action, the fourth cause of action reinstated, and otherwise affirmed, without costs.
The court dismissed all of plaintiff's claims under the Debtor and Creditor Law (DCL) on the ground that the deceased judgment debtor's (Lara Prychodko) individual retirement account (IRA), which named her and defendant's son as beneficiary, was exempt from execution by a creditor (such as plaintiff) after her death. CPLR 5205(c)(2) exempts from application to the satisfaction of a money judgment "all custodial accounts established as part of any trust or plan [for the benefit of the judgment debtor], which is qualified as an [IRA] under section [408] or . . . [408A] of the . . . Internal Revenue Code." Nothing in the language of CPLR 5205(c)(2) excludes from the scope of the exemption an IRA inherited by a beneficiary from a deceased judgment debtor (cf. Todd v Endurance Am. Ins. Co., 596 BR 79, 83-85 [ND NY 2019] [holding nonexempt an IRA inherited by the judgment debtor as beneficiary]). Since each of plaintiff's first three causes of action is based on the disposition of the IRA, which is exempt from execution, each of those claims was correctly dismissed.
The fourth cause of action (for necessaries), however, should not have been dismissed. "Legal services provided to a spouse in a matrimonial action have been considered necessaries" (Jones, LLP v Sitomer, 139 AD3d 805, 807 [2d Dept 2016]). Plaintiff alleged the requisite elements (see id.). Unlike the retainer agreement in Jones, which showed that the plaintiff law firm did not rely on the nondebtor spouse's credit, the retainer agreement in the instant action says, "We [plaintiff] will seek to obtain additional fees from your [Prychodko's] husband," i.e., defendant. In addition, unlike the plaintiff and the client in Jones, plaintiff and Prychodko did not enter into a so-ordered stipulation providing that the legal fees would be satisfied by a charging lien. Finally, we note that Jones was an appeal from a summary judgment motion (see 139 AD3d at 805-807), not a CPLR 3211 motion.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2021