Jopal Bronx, LLC v Montilla (2022 NY Slip Op 03684)

Jopal Bronx, LLC v Montilla

2022 NY Slip Op 03684

Decided on June 07, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 07, 2022

Before: Gische, J.P., Webber, Singh, González, Pitt, JJ. 

Index No. 160192/19 Appeal No. 16093-16093A Case No. 2021-02819, 2021-03414 

[*1]Jopal Bronx, LLC Doing Business as Workmen's Circle Multicare Center, Plaintiff-Appellant,
v
Mateo Montilla, Defendant, Milagros Montilla, Defendant-Respondent.

Workmen's Circle Multicare Center, Woodbury (Angela C. Bellizzi of counsel), for appellant.
Beth E. Goldman, New York Legal Assistance Group, New York (Sarah Rosenthal of counsel), for respondent.

Order, Supreme Court, New York County (Melissa Anne Crane, J.), entered on or about February 10, 2021, which, to the extent appealed from, denied plaintiff's motion for summary judgment against defendant Milagros Montilla, and granted Ms. Montilla's cross motion to dismiss the complaint as against her, unanimously affirmed, without costs. Order, same court (Lucy Billings, J.), entered on or about August 9, 2021, which granted Ms. Montilla's motion for sanctions by awarding attorneys' fees, unanimously reversed, on the law and the facts, without costs, and the motion denied.
Plaintiff failed to demonstrate that it was entitled to summary judgment against Ms. Montilla on its claim brought under a common-law theory of necessaries. Plaintiff, a nursing facility, did not establish any of the elements required to sustain the cause of action — namely, that it provided care to Ms. Montilla's husband, defendant Mateo Montilla, based on Ms Montilla's credit; that Ms. Montilla could afford to pay for his care; or that Mr. Montilla, the primary debtor, was unable to satisfy the debt out of his own resources (see Jones, LLP v Sitomer, 139 AD3d 805, 807 [2d Dept 2016]; Medical Bus. Assoc. v Steiner, 183 AD2d 86, 87 [2d Dept 1992]). On the contrary, the evidence showed that Mr. Montilla understood that his insurance company would pay for the services, as it had in the past.
Plaintiff's cause of action for tortious interference with contract was also correctly dismissed, as plaintiff presented no evidence that Ms. Montilla intentionally thwarted its efforts to obtain payment from Mr. Montilla or his insurer (see White Plains Coat & Apron Co., Inc. v Cintas Corp., 8 NY3d 422, 426 [2007]). Rather, Ms. Montilla stated that at plaintiff's request, she did try to obtain the necessary bank records but was unable to afford the bank charges. Plaintiff also did not show, as necessary to maintain the cause of action, that but for Ms. Montilla's failure to obtain the documentation, Mr. Montilla's application for Medicaid would have been approved (see Burrowes v Combs, 25 AD3d 370, 373 [1st Dept 2006], appeal denied 7 NY3d 704 [2006]).
For the same reasons, Supreme Court correctly dismissed the complaint as against Ms. Montilla, since the claim under the common-law theory of necessaries and the claim for tortious interference with contract were the only causes of action asserted against her and plaintiff failed to allege the necessary elements of either one.
The court should not have awarded attorneys' fees as a sanction, as plaintiff's actions were not frivolous within the meaning of 22 NYCRR 130-1.1(c).
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 7, 2022